Sam SLOVEN, Plaintiff and Appellant,

v.

F. A. OLSON, George A. Schantz, George J. Schuch, Marvin A. Lane, Paul G. Hoffman, City Commissioners of the City of Mandan, County of Morton and State of North Dakota, and Arnold T. Livdahl, City Auditor of the City of Mandan, County of Morton and State of North Dakota, Defendants and Respondents.

No. 7804.

Supreme Court of North Dakota.

Aug. 15, 1959.

Strutz, Jansonius & Fleck, Bismarck, for appellant.

Gallagher & Paul, Mandan, for respondents.

TEIGEN, Judge.

This is an appeal from a judgment of the District Court affirming upon appeal a decision and order of the Board of City Commissioners of the City of Mandan ordering the appellant and the owner of a building to demolish such building.

On October 8, 1956, the City of Mandan enacted Ordinance No. 286 providing for the vacation, removal, repair or demolition of any building or structure which is or threatens to be a public nuisance, dangerous to the health, morals, safety or general welfare of the people of the City of Mandan or which might tend to constitute a fire menace and providing for written notice of hearing, hearing and appeal from any final order and for the assessment and collection of the cost of vacation, removal, repair or demolition and providing penalties for the violation thereof.

Section 1 of said Ordinance defines a dangerous building and sets out in detail twelve different defects, which if found to exist, would classify a building, a dangerous building, within the meaning of the ordinance.

Section 2 of the Ordinance provides the standards for ordering repair, vacation or demolition and provides that the standards set forth therein "shall be followed in substance by the building inspector and the Board of City Commissioners;"

Subsection (a) of Section 2 provides that if a dangerous building can resonably be repaired so that it will no longer exist in violation of the terms of the ordinance it shall be ordered repaired.

Subsection (b) provides if a dangerous building is in condition to make it dangerous to the health, morals, safety or general welfare of its occupants, it shall be ordered to be vacated.

Subsection (c) provides when a dangerous building shall be demolished or removed from the City and sets forth four standards. They are as follows:

1. In any case where a dangerous building is 50 percent damaged or decayed or deteriorated from its original value or structure.

2. In any case where the cost of reconstruction or restoration of such dangerous

building will be in excess of 50 percent of the value of the building.

3. In all cases where a building cannot be repaired so that it will no longer exist in violation of the terms of the ordinance, and

4. In all cases where it is a fire hazard existing or erected in violation of the terms of Ordinance No. 286 or any ordinance of the city or statute of the State of North Dakota.

Section 3 of said ordinance provides: "All 'dangerous buildings' within the terms of Section 1 of this ordinance are hereby declared to be public nuisances, and shall be repaired, vacated, removed or demolished as hereinbefore and hereinafter provided."

Section 4 of said ordinance provides the duties of the building inspector. It is the duty of the building inspector, among other things, to inspect, annually, all buildings which have been abandoned, allowed to deteriorate or which have been improperly maintained, to determine whether they are dangerous buildings within the terms of Section 1 of the Ordinance. To notify in writing the owner and other interested parties of any building found by him to be a dangerous building within the standards set forth by said Section 1. Such notice shall also state that the owner must vacate, or repair, or remove, or demolish said building in accordance with the terms of the notice and the ordinance. The notice shall further provide that the person so notified shall be given a reasonable time, not exceeding thirty days, to accomplish the work actually required by the notice. The building inspector is to report to the Board of City Commissioners any non-compliance with the notice.

Section 5 of the said ordinance provides for the duties of the Board of City Commissioners upon receipt of a report of the building inspector as provided for in Section 4 of a non-compliance with the building inspector's notice. Upon receipt of such report the City Commission shall give written notice to the owner and the other parties in interest as defined by the ordinance to appear before it on a day specified in the notice to show cause why the building or structure reported to be a dangerous building should not be repaired, vacated, removed or demolished in accordance with the statement of particulars set forth in the building inspector's notice.

The Board of City Commissioners shall then hold the hearing and receive such testimony as the building inspector, the owner or the other parties in interest shall offer relative to the building, make written findings of fact from the testimony offered as to whether or not the building in question is a dangerous building within the terms of Section 1 and to issue an order based upon the findings of fact, commanding the owner or the other parties in interest to repair, vacate, remove or demolish any building found to be a dangerous building within the terms of the ordinance and to serve such order upon the owner and the other parties named. If the owner or the other parties in interest as named fail to comply with the order made by the City Commission or appeal to the District Court from such order within thirty days from the service of such order the City Commission shall cause such building or structure to be repaired, vacated, removed or demolished as the facts may warrant under the standards set forth in Section 2 of the ordinance, and provide for the levying of the costs therefor against the land as an assessment to be collected as sidewalk special assessments are levied and collected or to be recovered in a suit at law.

Section 6 of said ordinance provides for penalty for disregarding the notice or the order.

Section 13 of said ordinance provides:

"An appeal to the District Court from any order of the Board of City Commissioners made pursuant to the provisions of this ordinance may be taken, within thirty days after service of such order upon him, by any person aggrieved by said order."

The Ordinance was adopted pursuant to the authority provided in Subsection 24 of Section 40–0502 of the 1957 Supp. to the NDRC 1943 (Chapter 252 of the Session Laws of North Dakota for the year 1945) as follows:

"The governing body of any city shall have the authority to provide by ordinance for the demolition, repair or removal of any building or structure located within the limits of such city or other territory under its jurisdiction, which creates a fire hazard, is dangerous to the safety of the occupants or persons frequenting such premises, or is permitted by the owner to remain in a dilapidated condition. Any such ordinance shall provide for written notice to the owner of a hearing by the governing body before final action is taken by such body. It shall also provide a reasonable time within which an appeal may be taken by the owner from any final order entered by such governing body to a court of competent jurisdiction. * * * This act (Subsection) shall in no way limit or restrict any authority which is now or may hereafter be vested in the state fire marshal for the regulation or control of such buildings or structures."

On Nov. 14, 1956, the building inspector of the City of Mandan served upon the appellant the following notice:

"You are hereby notified that the undersigned, Building Inspector of the City of Mandan, North Dakota, acting pursuant to Ordinance No. 286 and upon direction of the Board of City Commissioners of the said City, has made an inspection of the following described building in which you are, or appear to be interested, towit:

" 'Brick and Wood structure located on Lot Six (6) of Block Five (5) of Mandan Proper.'

"You are further notified that the undersigned, Building Inspector, deems the foregoing described building to be dangerous within the meaning of Section 1 of said Ordinance No. 286 in the following particulars:

"a. Due to inadequate maintenance, dilapidation, obsolescence, and abandonment this building constitutes a hazard to the health and welfare of the people of this city.

"b. Due to the numerous holes in the foundation and other openings into the structure, rats have gained entrance into the building which creates a serious hazard to the health of the people of this city.

"c. Exterior walls, window frames, doors and door frames, foundation and other exterior parts of the building have depreciated over 50 percent of their original value.

"d. According to the provisions of Section 1 of said Ordinance No. 286, this building shall be classified as being dangerous, the building has depreciated over 50 percent of its original value and the cost of restoration would exceed 50% of its value.

"You are therefore ordered to demolish and remove this building from the City of Mandan, on or before the 11th. day of December 1956."

Thereafter, by letter dated December 13, 1956, the building inspector of said city notified the Board of City Commissioners that his order of November 13, 1956, had not been complied with and on January 4, 1957, the following notice and order omitting the formal parts, was served upon the appellant by the Respondent City;

"The Board of City Commissioners of the City of Mandan, North Dakota, is in receipt of a report from the Building Inspector of said City, stating that there has been no compliance with the Notice and Order of said Building Inspector, dated the 2nd. day of November 1956.

"You are therefore ordered to show cause, if any you have, before the Board of City Commissioners of the City of Mandan, North Dakota, at the City Hall of the City of Mandan, on the 19th. day of January 1957, at 10:00 o'clock A.M., M.S.T., why the following described building in which you are or appear to be interested, towit:

"Building located on Lot Six (6), Block Five (5) of Mandan Proper,

should not be ............. removed or demolished in accordance with the statement of particulars set forth in the aforementioned Building Inspector's Notice dated the 2nd. day of November 1956."

A copy of this notice and order was also posted on the building in question on January 3, 1957, as provided by the ordinance.

At the hearing held before the City Commission on January 19, 1957, as provided for in said notice and order, both sides adduced evidence in the form of testimony and exhibits. The oral testimony was taken on a tape recorder, transcribed and a transcript thereof made a part of a settled statement of the case by stipulation of the attorneys for the respective parties and the order of the court on this appeal. A full hearing was had. Witnesses on the part of each of the parties were examined and cross-examined. Thereafter and on May 20, 1957, the City Commission made its findings of fact and order which was served upon the appellant on May 23, 1957.

The findings of fact set forth fifteen conditions which were found to exist relative to the building in question and based on these conditions it was found, determined and declared that the building in question was a dangerous building within the provisions of Section 1 of said ordinance classified within the standards of Sub-section (c) Section 2 of the ordinance and it thereupon ordered that the appellant demolish such building on or before July, 1, 1957.

The appellant appealed from the order of the City Commission to the District Court of Morton County. The notice of appeal to the District Court, exclusive of its formal parts, is now set forth because of the pertinence it has to the appeal to this Court.

"Please Take Notice; That Sam Sloven, the Plaintiff and Appellant above named, feeling aggrieved by the Order issued to him by the Board of City Commissioners of the City of Mandan, Morton County, North Dakota, dated the 20th. day of May 1957, requiring him to demolish the building now located on Lot 6, Block 5 of Mandan proper, hereby appeals to the District Court above named from said Order, and said Appellant demands a review of the cause and subject matter involved in the District Court, and asks and demands a review of the evidence, the Order hereinbefore set forth, and the evidence upon which said Order is based, and all proceedings of the said Board of City Commissioners of the City of Mandan, North Dakota, in connection with said matter, by the District Court and demands a Trial de Novo in the said District Court."

Attached to this notice of appeal were the appellant's specifications of error. Thereupon the City Auditor of the City of Mandan under his certificate certified up to the District Court all of the original proceedings before the City Commission including the notice and order of the building inspector, letter of the building inspector to the City, extract of the minutes of the Board of City Commissioners, the exhibits, the transcript of the proceedings had, including the testimony of the witnesses called, the findings and order of the Board of City Commissioners, copy of Ordinance No. 286, and a copy of the National Building Code of 1949.

The District Court reviewed all of the proceedings certified to him and considered the briefs submitted by the respective at-

torneys and issued its memorandum opinion thereon on April 10, 1958, and in conformity therewith, findings of fact, conclusions of law and order for judgment was entered by the court on April 28, 1958, and judgment thereon entered by the Clerk of the District Court on May 16, 1958.

The District Court dismissed the appeal and confirmed, ratified and approved the order of the Board of City Commissioners, and ordered that the appellant comply with the said order of the Board of City Commissioners within 30 days of receipt of a copy of the judgment so entered. Notice of entry of judgment was admitted by the attorney for the appellant on May 20, 1958. Thereafter, the appellant appealed from the judgment of the district court to this court and demanded a trial de novo.

A number of specifications of error are assigned but they may be considered under three heads, namely:

First, That Subsection 24 of said Section 40–0502 of the 1957 Supplement to NDRC 1943, grants a city the authority to enact an ordinance to require either the demolition or the repair of the building in the alternative at the election of the owner.

Second, That the District Court erred in denying the appellant a trial de novo, that is that the District Court should not have determined the questions submitted for its decision upon the record made before the statutory tribunal but upon evidence actually produced at its own hearing, and

Third, That the facts adduced at the hearing do not substantiate an order to demolish the building.

We shall discuss these propositions in the order stated.

Section 2 of Ordinance No. 286 sets up the standards for repair, vacation or demolition. Subsection (a) thereof provides:

"If the 'dangerous building', can reasonably be repaired so that it will no longer exist in violation of the terms of this ordinance, it shall be ordered repaired."

Subsection (b) provides:

"If the 'dangerous building' is in such condition as to make it dangerous to the health, morals, safety or general welfare of its occupants, it shall be ordered to be vacated."

Subsection (c) provides:

"In any case where a 'dangerous building' is 50 percent damaged or decayed, or deteriorated from its original value or structure, or where the cost of reconstruction or restoration will be in excess of 50 percent of the value of the building, it shall be demolished and in all cases where a building cannot be repaired so that it will no longer exist in violation of the terms of this ordinance, it shall be demolished. In all cases where a 'dangerous building' is a fire hazard existing or erected in violation of the terms of this ordinance or any ordinance of the city or statute of the State of North Dakota, it shall be demolished or removed from the city."

It therefore appears from the ordinance that before the city may order a building removed or demolished it must first find that it is a "dangerous building," second, that the building is either, (1) 50 percent damaged or decayed or deteriorated from its original value or structure; (2) The cost of reconstruction or restoration would be in excess of 50 percent of the value of the building; (3) The building cannot be repaired so that it no longer will exist in violation of the terms of the ordinance; or (4) The building is a fire hazard existing or erected in violation of the terms of the ordinance or any ordinance of the city or statute of the State of North Dakota. If a building is found to be a "dangerous building" under the ordinance before an order of removal or demolition thereof may be entered by the city, one or more of the

standards set forth above must also be found to exist otherwise it may be repaired in accordance with Subsection (a) of said Section 2.

Thus it appears that the city in writing its ordinance construed the word "or" as used in subsection 24 of Section 40–0502 of the 1957 Supplement to NDRC of 1943, under which statute the ordinance in question was authorized, in the disjunctive in that it expresses mutually, exclusive alternatives in the grant of power to cities and qualified each by standards set forth in the ordinance.

Subsection 24 of said Section 40–0502 provides in part

"The governing body of any city shall have the authority to provide by ordinance for the demolition, repair *or* removal of any building or structure located within the limits of such city or other territory under its jurisdiction, which creates a fire hazard, is dangerous to the safety of the occupants or persons frequenting such premises, or is permitted by the owner to remain in a delapidated condition, etc." (Emphasis supplied.)

We believe this to be a correct interpretation of the statute.

"In ordinary use the word 'or' is a disjunctive that marks an alternative which generally corresponds to the word 'either.'" Crawford—Statutory Construction, Section 188, p. 322.

"Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." Section 1–0202 NDRC 1943.

"Words and phrases shall be construed according to the context and the rules of grammar and the approved usage of the language. Technical words and phrases and such others as have acquired a peculiar and appropriate meaning in law, or as are defined by statute, shall be construed according to such peculiar and appropriate meaning or definition." Section 1–0203 NDRC 1943.

The appellant next contends that the district court erred in denying the appellant a trial de novo, that the district court should not have determined the question submitted for its decision on the appeal from the city commission upon the record made before them but upon evidence actually produced at its own hearing.

That portion of the statute reads as follows:

"Any such ordinance shall provide for a written notice to the owner of a hearing by the governing body before final action is taken by such body. It shall also provide a reasonable time within which an appeal may be taken by the owner from any final order entered by such governing body to a court of competent jurisdiction, etc."

Section 13 of Ordinance No. 286 of the respondent city provides:

"Appeals. An appeal to the district court from any order of the Board of City Commissioners made pursuant to the provisions of this ordinance may be taken, within thirty days after service of such order upon him, by any person aggrieved by said order."

The appeal was taken within the time prescribed to the district court and in the notice of appeal to the district court heretofore set forth the appellant stated in part:

"And said appellant demands a review of the cause and subject matter involved in the District Court, and asks and demands a review of the evidence, the Order hereinbefore set forth, and the evidence upon which said Order is based, and all proceed-

ings of the said Board of City Commissioners of the City of Mandan, North Dakota, in connection with said matter by the District Court."

Immediately following the above language the appellant then states:

"And demands a trial de novo in the said District Court."

We think the appellant was correct in the procedure which he followed in appealing to the District Court, under the procedure as provided in the statute and the ordinance and had a trial de novo in the District Court.

Under the statute the legislature provided that the District Court should act as an appellate tribunal, that is a reviewing court. After the appeal was taken to the district court the City Auditor of the respondent city certified up to the District Court the full record before the city commission as hereinbefore stated. A full hearing was had before the city commission.

■ It is clear to us from an examination of the statute that the primary duty of determining whether a building or structure located within the limits of a city creates a fire hazard, is dangerous to the safety of the occupants or persons frequenting such premises or is permitted by the owner to remain in a delapidated condition, is vested in the city commission when such city has provided by ordinance for the demolition, repair or removal of buildings or structures coming within the definition thereof. It is only when the appellate court is convinced that the city commission has abused its discretion that its judgment will be interfered with. The statute contemplates a fair and full hearing before the city commission. It is not claimed here that this was not had. The statute does not say anything about a trial de novo nor does it specifically provide for the method of procedure. It merely provides that the ordinance shall provide a reasonable time within which an appeal may be taken to a court of competent jurisdiction. The ordinance provides that an appeal to the district court may be taken from the order of the city commission within thirty days. The Administrative Agencies Uniform Practice Act, Chapter 28-32 NDRC 1943, does not apply for the reason that a city does not qualify as an "administrative agency" or "the agency" as provided in Subsection 1 of 28-3201 thereof in that it does not have state-wide jurisdiction.

"It is a general rule that in the absence of a statute so providing, a court is confined on review proceedings to the record made in the proceedings below, and may not hear new or additional evidence, unless the proceeding is a trial de novo. The same principle is applied in the field of review of administrative action, and the general rule is that in the absence of a statute providing otherwise, the review is limited to the record made in the administrative proceeding, and the courts decline to hear new or additional evidence to review or revise findings of fact made by the administrative tribunal, especially where the evidence was available and could have been introduced in the administrative tribunal. To allow findings to be attacked or supported in court by new evidence would substitute the court for the administrative tribunal. However, the absence of essential findings of fact, or the presence of a constitutional or jurisdictional question, or the fact that the evidence was not capable of being introduced below, may require the courts to permit the admission of new or additional evidence. In some cases, judicial review is limited to the evidence taken before the administrative tribunal by express provision or statute, and such a restriction of review is not a denial of due process of law where a full hearing is accorded in the first tribunal, in which any objection which might be sought to be

made in court may be raised." 42 Am.Jur. page 662, Section 224.

We stated above we feel the appellants had a trial de novo in the district court as the phrase is ordinarily construed in connection with appeals.

"The expression, 'trial de novo' may mean a complete retrial on new evidence, or a trial upon the record made before the lower tribunal. A statute which provides for a 'plenary review' in which the hearing 'shall proceed as a trial de novo' has been held to contemplate a review on the record of questions of law and fact rather than a retrial upon new evidence, for to 'review' an action is to study or examine it again and the term 'trial de novo' must be construed to have a meaning consistent with the continued existence of that which is to be again examined or studied, and if a retrial upon new evidence were to be had, the administrative action would no longer exist to be re-examined or restudied." 42 Am.Jur. p. 665, Section 226.

The City Council did make and preserve the record of its proceedings which was proper when provision is made for review thereof by appeal to a higher tribunal.

"As a general rule, administrative agencies are required to make and preserve a record of their proceedings, and judicial review of administrative actions is usually limited to the record made in the administrative proceedings. As a general rule, the court will not consider issues not raised below and will not consider new or additional evidence, and where the evidence upon which a finding or a determination was made is not introduced before the court, the determination will be accepted as conclusive. Investing a court with power to review on the merits an order of an administrative board only upon the filing of a transcript, exhibiting the board's final action is not a denial of due process, and in such a case the court has no jurisdiction to review an order as to which no transcript has been filed and which the board desires to revoke although a petition for review has been filed and served; but the question of what, if any, relief is available where the board does not wish to modify or set aside its order and fails or refuses to furnish a transcript of proceedings is not decided." 42 Am.Jur. p. 674, Sec. 235.

In the case at bar not only was a full hearing held before the city commission but the testimony was taken by tape recorder and transcribed.

██ The transcript and the full record were transmitted to the District Court. When a person has had a fair and complete hearing before an administrative body, such as a city commission, and an ultimate appeal to a court upon the complete record, this is all that due process of law requires. Runge v. Glerum, 37 N.D. 618, 634, 164 N.W. 284.

██ The third issue which the appellant raises on this appeal is that the facts adduced do not substantiate an order to demolish the building.

We agree with the trial judge on appeal from the order of the commission that there is much to support the decision of the city commission, and even though there were some conflicts in the evidence the hearing before the city commission was full and fair. The building is a brick, rubble and wood building located within the fire zone of the City of Mandan. The stone rubble foundation has settled and sagged. The exterior brick walls lean and are cracked. Certain areas of sloughed mortar and loose brick exist. The interior wood floors are worn, deteriorated and inadequate. The cement floor in the basement has heaved, cracked and buckled, the interior partitions have been heavily

damaged by fire. The present electric circuits are inadequate and create a fire hazard. The building is without plumbing fixtures as are required by city ordinance, the brick front of the building has settled, and spread. The doors fit poorly allowing entrance of rats. There are numerous holes in the rubble foundation creating a rat harborage. The building has been vacant for a period of about ten years and is about fifty years old. The evidence presented at the hearing before the City Commission included a statement and testimony of the building inspector who made an inspection of the building, the testimony of several building contractors who had inspected the building, a number of exhibits in the form of photographs; in fact all parties admit the substandard condition of the building. However, the appellant contends that the building is repairable and that he is desirous of repairing the building. However, the city commission upon the evidence before it found that the building is a dangerous building and 50 percent damaged or decayed or deteriorated from its original value or structure and cost of reconstruction or restoration will be in excess of 50 percent of its value and therefore ordered its demolition.

The general rule is that the courts will not substitute their judgment for that of the governing body of a municipality in the matter of enforcement of ordinances unless it is clearly shown that it abused its discretion. Soderfelt v. City of Drayton, 79 N.D. 742, 59 N.W.2d 502. We cannot say under the evidence and the record in this proceeding that the city commission was arbitrary, discriminatory or abused its discretion.

The judgment of the district court is affirmed.

SATHRE, C. J., and BURKE and MORRIS, JJ., concur.