Filed 4/5/00 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2000 ND 74

Kenneth S. Christl, Plaintiff and Appellant

v.

Lisa Swanson and M.M.S.,

a minor child, represented 

by her natural mother, Lisa Swanson, Defendants and Appellees

No. 990256

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Cynthia A. Rothe-Seeger, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Sandstrom, Justice.

Mark R. Fraase (argued) and Douglas W. Nesheim (on brief) of Wegner, Fraase, Nordeng, Johnson & Ramstad, 15 South  Ninth Street, Fargo, N.D. 58103, for plaintiff and appellant.

Bonnie Jendro Askew, P.O. Box 227, Fargo, N.D. 58107-0227, for defendants and appellees.

Christl v. Swanson

No. 990256

Sandstrom, Justice.

[¶1] Kenneth S. Christl appealed a judgment in his paternity, custody, visitation, and support action against Lisa Swanson and the child.  We conclude the trial court had discretion to allow, or to not allow, deduction of business costs paid, but not expensed for internal revenue service purposes, in determining Christl’s net income from self-employment.  We further conclude the trial court erred in ruling capital expenditures Christl made before the child was born were subject to a presumption they were asset transactions warranting an upward deviation from the Child Support Guidelines.  We reverse and remand for redetermination of Christl’s child support obligation.

I

[¶2] Kenneth Christl and Lisa Swanson, who have never married, are the biological parents of a child, who was born September 30, 1998.  Christl sued Lisa and the child, seeking a judgment adjudging Christl to be the natural father of the child, granting Lisa Swanson custody of the child, granting Christl reasonable visitation, and requiring Christl to pay Lisa Swanson child support under the Child Support Guidelines, N.D. Admin. Code ch. 75-02-04.1.  Lisa Swanson answered the complaint and requested similar relief.  Christl moved for summary judgment.  The trial court granted partial summary judgment ruling a parent-child relationship exists between Christl and the child and reserved ruling on the other issues.  

[¶3] Christl, a self-employed farmer, argued he was entitled to deduct all of his expenditures for the purchase of farm assets in computing his income for calculating his child support obligation.  Christl submitted copies of his tax returns for 1994 through 1998, calculated his monthly income for those five years as $2,399.99, and argued his child support obligation is $475 per month.  Lisa Swanson argued Christl did not borrow any money to purchase assets and was not entitled to deduct any of his expenditures for farm assets.  She calculated Christl’s monthly income at $8,000 and argued Christl’s child support obligation is $1,377 per month.

[¶4] The trial court relied on N.D. Admin. Code § 75-01-04.1-05(2), and ruled it had “discretion to subtract certain business costs . . . not allowed as a deductible expense for income tax purposes but . . . paid by the self-employed parent, from the parent’s adjusted gross income.”  Relying on N.D. Admin. Code § 75-02-04.1-

09(2)(h) and (4), the court held:

The Court may make an upward deviation from the guideline amount of the presumptively correct child support if . . . the parent has an increased ability to pay such support, due to his purposeful reduction of income available for payment of child support by “engaging in an asset transaction.”

. . . .

Christl’s daughter was born on September 30, 1998.  This action for establishment of Christl’s child support obligation, among other things, was commenced on January 21, 1999.  Hence, all capital expenditures made by Christl subsequent to January 21, 1997 are subject to a presumption of an asset transaction warranting an upward deviation from the child support guidelines, irrespective of Christl’s intention.

The court also ruled: 1) Christl is entitled to deduct some, but not all, of his purchase cost of depreciable assets; 2) it lacked “sufficient farming acumen to judge the propriety” of Christl’s capital expenditures for farm machinery; and 3) it “retains its discretion to disallow deductions for vehicle and other non-machinery purchases.”

[¶5] The trial court did not allow deductions for a vehicle, computer, and computer program.  The court found Christl’s net monthly income for the purpose of determining his child support obligation is $6,300, and found Christl’s child support obligation is $1,103 per month.  Christl appealed from the judgment.

[¶6] The district court had jurisdiction under N.D. Const. art VI, § 8, and N.D.C.C. § 27-05-06.  Christl’s appeal was timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

II

[¶7] Christl argues the trial court erred in determining his income and child support obligation because the trial court misapplied the Child Support Guidelines.  “Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review.”  
Buchholz v. Buchholz
, 1999 ND 36, ¶ 11, 590 N.W.2d 215.  “A court errs as a matter of law when it fails to comply with the requirements of the Guidelines.”  
Id.
  “A proper finding of net income is essential to a determination of the correct amount of child support under the guidelines.”  
Schleicher v. Schleicher
, 551 N.W.2d 766, 769 (N.D. 1996).  “When a district court 
may
 do something, it is generally a matter of discretion.”  
Buchholz
, at ¶ 11.  “A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably.”  
Id.
   

[¶8] Christl contends the trial court erred in concluding it had “discretion whether to allow Mr. Christl to deduct actual costs of doing business which are not allowed as a deductible expense for income tax purposes.”

[¶9] Before its amendment in 1999, N.D. Admin. Code § 75-02-04.1-05(2) provided for determining net income from self-employment:

After adjusted gross income from self-employment is determined, all business expenses allowed for taxation purposes, but which do not require actual expenditures, such as depreciation, 
must
 be added to determine net income from self-employment.  Business costs actually incurred and paid, but not expensed for internal revenue service purposes, such as principal payments on business loans (to the extent there is a net reduction in total principal obligations incurred in purchasing depreciable assets), 
may
 be deducted to determine net income from self-employment.  

(Emphasis added.)  In 
Hieb v. Hieb
, 1997 ND 171, ¶ 18, 568 N.W.2d 598, we held the word “may” in the regulation is permissive rather than mandatory.  We conclude the trial court had discretion to allow, or to not allow, deduction of business costs paid, but not expensed for internal revenue service purposes, in determining Christl’s net income from self-employment.  We further conclude the trial court had discretion to allow deduction of the cost of some kinds of assets, such as tools and farm machinery, but to not allow deduction of the cost of other kinds of assets, such as vehicles, computers, and computer programs, which are less obviously necessary for farming than tools and farm machinery.

[¶10] Christl contends the trial court erred in concluding that for asset purchases made before the child was born on September 30, 1998, “under section 75-02-04.1-

09(4), NDAC, ‘Christl may be presumed to have engaged in asset transactions’ for the purpose of reducing his income available for child support.”

[¶11] Section 75-02-04.1-09(2)(h), N.D. Admin. Code, provides the presumption that the guideline amount is the correct amount of child support may be rebutted by “[t]he increased ability of an obligor, who has engaged in an asset transaction for the purpose of reducing the obligor’s income available for payment of child support, to provide child support.”  Section 75-02-04.1-09(4), N.D. Admin. Code, provides:

For purposes of subdivision h of subsection 2, a transaction is presumed to have been made for the purpose of reducing the obligor’s income available for the payment of child support if:

. The transaction occurred after the birth of a child entitled to support;

. The transaction occurred no more than twenty-four months before the commencement of the proceeding that initially established the support order; and

. The obligor’s income is less than it likely would have been if the transaction had not taken place.

[¶12] “Unlike the term ‘or,’ which is disjunctive in nature and ordinarily indicates an alternative between different things or actions, the term ‘and’ is conjunctive in nature and ordinarily means in addition to.”  
Narum v. Faxx Foods, Inc.
, 1999 ND 45, ¶ 20, 590 N.W.2d 454 (citations omitted).  The literal meaning of the terms “and” and “or” “should be followed unless it renders the statute inoperable or the meaning becomes questionable.”  1A Norman J. Singer, 
Sutherland Statutory Construction
, § 21.14 (5
th
 ed. 1991) (2000 Cum. Supp. 26).

[¶13] The literal meaning of the conjunctive “and” in N.D. Admin. Code § 75-02-

04.1-09(4)(a)-(c), rather than the disjunctive “or” does not render the subsection inoperable or its meaning questionable, and indicates all three factors must exist before an asset transaction may be presumed to have been made for the purpose of reducing a child support obligor’s income available for the payment of child support.  Under N.D. Admin. Code § 75-02-04.1-09(4)(a), the presumption only applies to transactions that occur “after the birth of a child entitled to support.”  Thus, a transaction by Christl may only be “presumed to have been made for the purpose of reducing the obligor’s income available for the payment of child support if” the transaction occurred after the child was born, and within 24 months before commencement of the proceeding initially establishing the child support order, and Christl’s income is less than it likely would have been without the transaction.  We conclude the trial court erred, as a matter of law, in determining asset expenditures Christl made before the child was born were presumed to be asset transactions made for the purpose of reducing his income available for child support, warranting an upward deviation in child support.

[¶14] The trial court had discretion to determine whether, and to what extent, to allow deduction of business costs paid for the purchase of business assets, but not expensed for internal revenue purposes, in determining Christl’s net income from self-

employment.  However, we are not certain how the trial court would have exercised that discretion had it not acted under the mistaken view that capital expenditures made before the child’s birth could be presumed to be asset transactions warranting upward deviation from the presumptively-correct Child Support Guideline amount of support.  Our function is one of review, rather than initial determination.  
See
 
Lippert v. Lippert
, 353 N.W.2d 333, 336 (N.D. 1984) (“it is not generally for the appellate court but is for the trial court to initially determine what is equitable”); 
Suedel v. North Dakota Workmen’s Comp. Bur.
, 218 N.W.2d 164, 171 (N.D. 1974) (it is not this court’s function to try the facts, but to review the facts to determine if they support the findings made).  Therefore, we conclude the trial court must redetermine Christl’s child support obligation.

III

[¶15] We need not address other issues Christl has raised, because answers to those issues are not necessary to a determination of this appeal.  
See, e.g.
, 
State v. Evans
, 1999 ND 70, ¶ 17, 593 N.W.2d 336.

[¶16] The judgment is reversed and the matter is remanded for redetermination of Christl’s child support obligation.

[¶17] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.