2001 ND 98

**Kenneth S. CHRISTL, Plaintiff and Appellee,**

v.

**Lisa SWANSON, Defendant and Appellant,**

and

**M.M.S., a minor child, represented by her natural mother, Lisa Swanson, Defendant.**

**No. 20000315.**

Supreme Court of North Dakota.

May 22, 2001.

Mark R. Fraase, Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, ND, for plaintiff and appellee.

Bonnie Jendro Askew, Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Lisa Swanson appealed from an amended judgment modifying Kenneth

Christl's child support obligation upon remand by this Court in an appeal from the original judgment. We hold the district court appropriately exercised its discretion within the scope of this Court's remand in redetermining Christl's child support obligation, and we affirm.

[¶ 2] Christl and Swanson are the biological parents of a child who was born in September 1998. Christl is a self-employed farmer. He brought an action to determine custody, visitation, and child support. The trial court awarded custody of the child to Swanson, set reasonable visitation for Christl, and ordered Christl to pay child support in the amount of $1,103 per month. Christl appealed, and this Court in *Christl v. Swanson*, 2000 ND 74, ¶ 16, 609 N.W.2d 70, reversed and remanded the case to the district court for a redetermination of Christl's child support obligation. Upon remand, the district court, a different judge sitting,[1] recalculated Christl's net income for child support purposes and ordered Christl to pay support in the amount of $524 per month. On appeal, Swanson argues the district court's redetermination of Christl's support obligation exceeded the scope of the remand and is not supported by the record.

## I

[¶ 3] Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. *Lauer v. Lauer*, 2000 ND 82, ¶ 3, 609 N.W.2d 450.

[¶ 4] In remanding the case following the first appeal, this Court explained:

We conclude the trial court erred, as a matter of law, in determining asset expenditures Christl made before the child was born were presumed to be asset transactions made for the purpose of reducing his income available for child support, warranting an upward deviation in child support.

The trial court had discretion to determine whether, and to what extent, to allow deduction of business costs paid for the purchase of business assets, but not expensed for internal revenue purposes, in determining Christl's net income from self-employment. However, we are not certain how the trial court would have exercised that discretion had it not acted under the mistaken view that capital expenditures made before the child's birth could be presumed to be asset transactions warranting upward deviation from the presumptively-correct Child Support Guideline amount of support.

*Christl*, 609 N.W.2d 70, 2000 ND 74, ¶¶ 13–14.

[¶ 5] Following our remand, the district court explained its understanding of what the court was instructed to do in redetermining Christl's child support obligation:

They [the Supreme Court justices] seem to just be addressing the Judge's mistaken interpretation of the law on the presumption with regard to the asset transactions. And then they're saying, you know, that could affect the discre-

---

1. The judge originally presiding over this case was reassigned to the criminal docket and a substitute judge was assigned to this case upon remand. The substitute judge did not hold an evidentiary hearing but proceeded on the original record. After the amended judg-ment was appealed, this Court temporarily remanded, under N.D.R.App.P. 35, to the trial court for compliance with N.D.R.Civ.P. 63. The substitute trial judge then certified his familiarity with the record.

tion of how you would have utilized your discretion on the—to determine the deduction of business costs for the purchase of the business assets. That's—that's all they seem to be saying.

So it seems to me that all that I have is to view the law correctly under the presumed asset transactions, to look at that evidence, and to then utilize discretion with regard to the deduction of business costs paid for the purchase of business assets.

The district court redetermined the support obligation following the guideline instructions under N.D. Admin. Code § 75–02–04.1–05(2), which, at the time these proceedings were commenced, provided:

After adjusted gross income from self-employment is determined, all business expenses allowed for taxation purposes, but which do not require actual expenditures, such as depreciation, must be added to determine net income from self-employment. Business costs actually incurred and paid, but not expensed for internal revenue service purposes, such as principal payments on business loans (to the extent there is a net reduction in total principal obligations incurred in purchasing depreciable assets), may be deducted to determine net income from self-employment.

[¶ 6] In its memorandum opinion of August 2, 2000, the district court explained its rationale for recalculating Christl's net income:

This Court is of the opinion that the items such as the vehicle, computer and computer program, which the former Judge did not allow deduction of as tools and farm machinery, was correct and will stand. However, the capital expenditures that were made before the child's birth, which the Court applied the presumption to, causing them to be asset transactions warranting an upward devi-ation from the presumptively-correct child support guideline amount of support, will no longer be viewed in that light and will not be considered as warranting an upward deviation. Hence, the child support amount will now be determined without benefit of the capital expenditures made before the child's birth.

[¶ 7] The district court recalculated Christl's self-employed income from his farming business for each of the relevant years 1994 through 1998 by using the adjusted gross income on Christl's federal income tax forms, adding to it the allowed IRS depreciation, and subtracting Christl's out-of-pocket capital expenditures for business assets for each of those years. Using this method, the district court determined Christl's five-year average net income for child support purposes is $31,865.72 resulting, under the Child Support Guidelines schedule, in a child support obligation of $524 per month for one child.

II

[¶ 8] Swanson asserts the district court exceeded the scope of this Court's instructions on remand when the court recalculated Christl's net income. We disagree. Our remand specifically stated it was for the purpose of having the district court redetermine Christl's support obligation. In remanding the case, we said in *Christl*, 2000 ND 74, ¶ 14, 609 N.W.2d 70, the district court "had discretion to determine whether, and to what extent, to allow deduction of business costs paid for the purchase of business assets, but not expensed for internal revenue purposes." Following our mandate, the district court expressly stated it was exercising its discretion in deducting Christl's annual out-of-pocket capital business expenditures to determine his net income for child support purposes. The district court acted within the scope of

our remand when it exercised its discretion to deduct Christl's annual capital expenditures for farm assets from adjusted gross income.

[¶ 9] The drafters of the Child Support Guidelines specifically rejected a blanket adoption of IRS definitions. *Hieb v. Hieb*, 1997 ND 171, ¶ 16, 568 N.W.2d 598. Under the guidelines, it is within the district court's discretion to deduct "business costs actually incurred and paid" from adjusted gross income to arrive at an obligor's net income for child support purposes. In the November 14, 1994, Summary of Comments Received in Regard to Proposed Amendments to N.D. Admin. Code Ch. 75–02–04.1 of the Child Support Guidelines, the drafters explained:

> The IRS approach of allowing depreciation expense, but not allowing expense related to principal payments, was specifically rejected as inappropriate to the determination of child support matters. While the IRS is interested in assuring that capital expenditures are spread over the useful life of the capital asset (or some shorter useful life in some cases), the child support guidelines are intended to determine the obligor's ability to pay child support at a particular time.... In fact, using the example of an obligor making a $25,000 equipment purchase with a twenty percent down payment and the remainder financed, the deduction under subsection 2 of section 75–02–04.1–05 would be the $5,000 down payment plus the principal payment, if any, made in the year in question.

The district court's recalculation of Christl's child support obligation is consistent with the drafter's explanation of the purpose underlying N.D. Admin. Code § 75–02–04.1–05(2) to reflect an obligor's current ability to pay support by permitting a trial court to allow a deduction for out-of-pocket capital expenditures in the year the payments are made.

### III

[¶ 10] We conclude the district court's recalculation of child support did not exceed the scope of this Court's remand and did not constitute an abuse of discretion by the district court.

[¶ 11] The amended judgment of the district court is affirmed.

[¶ 12] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., concur.