2011 ND 6

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Carl Joseph MARTIN, Defendant and Appellant.**

**No. 20100204.**

Supreme Court of North Dakota.

Jan. 12, 2011.

Ladd Ronald Erickson, Washburn, N.D., for plaintiff and appellee.

Carl Joseph Martin, Garrison, N.D.; self-represented.

KAPSNER, Justice.

[¶ 1]   Carl Martin appeals from a criminal judgment entered after he conditionally pled guilty to maintaining a public nuisance.   Martin argues the district court erred in denying his motion to dismiss because the State may not simultaneously pursue both a civil action and a criminal action against the same individual for the same public nuisance under N.D.C.C. § 42–01–07.   We affirm, holding N.D.C.C. § 42–01–07 does not provide a list of mutually exclusive remedies that may be pursued against a public nuisance.

I

[¶ 2]   On January 13, 2010, Martin was charged with the criminal offense of maintaining a public nuisance in violation of N.D.C.C. § 42–01–15, a class A misdemeanor.   The State alleged Martin maintained a residence full of filth, debris, trash, and junk;   allowed young people to consume alcohol and illegal drugs in his residence;   and disturbed the neighborhood by allowing people to come and go from his residence at all hours of the day and night.   On the same day, the State also filed a civil nuisance action seeking an injunction.   In February 2010, the district court issued an injunction.

[¶ 3]   In March 2010, Martin moved to dismiss the criminal action, arguing the State cannot bring both a criminal prosecution and a civil nuisance action for a public nuisance under N.D.C.C. § 42–01–07.   Martin argued that because the statute includes a list of the available remedies and uses the word "or", the statute limits the State to pursuing only one of the listed remedies against a public nuisance.   The district court denied Martin's motion, ruling the statute "does not limit the State to one of the remedies listed; rather, it allows the use of each listed."   Martin conditionally pled guilty reserving the right to

appeal the court's order denying his motion to dismiss.

## II

[¶ 4] Martin argues the remedy for a public nuisance under the plain language of N.D.C.C. § 42–01–07 is either criminal or civil and the State cannot bring both a criminal prosecution and a civil action.

[¶ 5] The interpretation of a statute is a question of law, which is fully reviewable on appeal. *Sauby v. City of Fargo*, 2008 ND 60, ¶ 8, 747 N.W.2d 65. The primary objective in interpreting a statute is to determine the legislature's intent, and we look at the language of the statute first to determine intent. *Id.* Words in a statute are given their plain, ordinary, and commonly understood meaning, unless they are defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. The letter of a statute cannot be disregarded under the pretext of pursing its spirit when the language of the statute is clear and unambiguous. N.D.C.C. § 1–02–05. " 'A statute is ambiguous if it is susceptible to different, rational meanings.' " *Sauby*, at ¶ 8 (quoting *Simon v. Simon*, 2006 ND 29, ¶ 12, 709 N.W.2d 4). Statutes are construed as a whole and are harmonized to give meaning to related provisions. *Industrial Contractors, Inc. v. Workforce Safety & Ins.*, 2009 ND 157, ¶ 11, 772 N.W.2d 582.

[¶ 6] Section 42–01–07, N.D.C.C., provides:

The remedies against a public nuisance are:

1. Indictment;

2. Filing an information;

3. Bringing a criminal action before a district judge;

4. A civil action; or

5. Abatement.

Martin contends only one of the listed remedies may be pursued against a public nuisance because the statute uses the word "or" and each semicolon represents the word "or."

[¶ 7] This Court has said the word "or" is ordinarily disjunctive in nature and indicates an alternative between different things and actions, and the word "and" is conjunctive in nature and ordinarily means in addition to. *Christl v. Swanson*, 2000 ND 74, ¶ 12, 609 N.W.2d 70. The word "or" expresses an alternative in its ordinary use and generally corresponds to the word "either." *Sloven v. Olson*, 98 N.W.2d 115, 121 (N.D.1959). This Court has also said that " '[t]erms or phrases separated by "or" have separate and independent significance.' " *Industrial Contractors*, 2009 ND 157, ¶ 12, 772 N.W.2d 582 (quoting *State ex rel. Stenehjem v. FreeEats.com, Inc.*, 2006 ND 84, ¶ 14, 712 N.W.2d 828). Other courts have held that "or" is occasionally used as a substitute in statutes when the word "and" would express the thought with greater clarity. *See De Sylva v. Ballentine*, 351 U.S. 570, 573, 76 S.Ct. 974, 100 L.Ed. 1415 (1956).

[¶ 8] " 'We presume the Legislature did not intend an unreasonable result or unjust consequence.' " *Industrial Contractors*, 2009 ND 157, ¶ 11, 772 N.W.2d 582 (quoting *Haugenoe v. Workforce Safety & Ins.*, 2008 ND 78, ¶ 8, 748 N.W.2d 378). We will apply the literal meaning of the word "or" unless it renders the statute inoperable or its meaning becomes questionable. *Christl*, 2000 ND 74, ¶ 12, 609 N.W.2d 70. However, "we will construe statutes in a practical manner, giving consideration to the context of the statute and its purpose, if adherence to the strict letter of the statute would lead to an absurd or ludicrous result." *Morton County Soc. Serv. Bd. v. Cramer*, 2010 ND 58, ¶ 16, 780 N.W.2d 688.

[¶9] Here, N.D.C.C. § 42–01–07 can be interpreted as Martin suggests if the word "or" is interpreted in its usual disjunctive sense; however, that interpretation would lead to an absurd or unreasonable result. Section 42–01–07, N.D.C.C., provides that the remedies against a public nuisance are indictment, filing an information, bringing a criminal action before a district judge, a civil action, or abatement. Filing an information brings a criminal action before a district judge. *See* N.D.R.Crim.P. 7 (an indictment or information is used to prosecute felony and misdemeanors in district court). A nuisance abatement action is a civil action. *See* N.D.C.C. ch. 42–02. Under Martin's interpretation of the statute, if the State pursued an indictment or filed an information it could not bring a criminal action. In this case, the phrases separated by the word "or" do not have separate and independent significance, and we conclude interpreting "or" as indicating mutually exclusive alternatives is unreasonable.

[¶10] Furthermore, N.D.C.C. § 42–01–07 does not explicitly state that only one of the available remedies may be pursued against a nuisance. Rather, N.D.C.C. § 42–01–07 provides, "[t]he remedies against a public nuisance are...." The word "remedies" is plural, which indicates more than one remedy may be pursued against a public nuisance. Martin's interpretation would alter the language to say, "The remedy against a public nuisance is...." Although N.D.C.C. § 1–01–35 provides that "words in [a statute] used in the plural number include the singular, except when a contrary intention plainly appears," in this case contrary intention plainly appears. The plain language of N.D.C.C. § 42–01–07 indicates the legislature intended more than one remedy would be available against a public nuisance.

[¶11] When the statutory nuisance provisions are read together, they support an interpretation that does not limit the remedies for a public nuisance to only one of the listed remedies. There are separate statutory provisions about each of the available remedies. Chapter 42–02, N.D.C.C., contains the procedure for abatement of a nuisance. Section 42–01–15, N.D.C.C., provides for the criminal offense of maintaining a public nuisance. The purposes of the civil and criminal remedies for a public nuisance are different. The criminal offense provides a penalty for an individual who willfully omits to perform any legal duty relating to the removal of a public nuisance. N.D.C.C. § 42–01–15. One purpose of criminal statutes is to punish those individuals who fail to abide by public norms. *See* N.D.C.C. § 12.1–01–02 (one of the purposes of the criminal code is to ensure public safety through vindication of public norms by the imposition of merited punishment). A civil action for the abatement of a nuisance is intended to abate and perpetually enjoin the nuisance. *See* N.D.C.C. § 42–02–01.

[¶12] The remedies available against a public nuisance plainly serve different purposes. Our interpretation of the statute is consistent with its remedial nature. "A remedial statute must be construed liberally with a view to effecting its objects, promoting justice, and effectuating the public policy articulated therein." *Stenehjem ex rel. State v. Crosslands, Inc.*, 2010 ND 91, ¶14, 782 N.W.2d 632; *see also Wolt v. Wolt*, 2010 ND 33, ¶9, 778 N.W.2d 802. Martin's interpretation of the statute would lead to unreasonable results because the State would have to choose whether to pursue a civil action to eliminate or prohibit the nuisance, or pursue a criminal action to punish an individual for maintaining the nuisance.

[¶ 13]   We conclude N.D.C.C. § 42–01–07 is a list of remedies available against a public nuisance and does not limit the remedies that may be sought against the same individual for the same nuisance to only one of the listed remedies.   The district court did not err in denying Martin's motion to dismiss.

### III

[¶ 14]   We affirm.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.