2002 ND 76

**Kathleen Susan HARGER, Plaintiff and Appellee,**

v.

**Marion Rick HARGER, Defendant and Appellant.**

No. 20010186.

Supreme Court of North Dakota.

May 14, 2002.

Cathy Howe Schmitz, Williston, N.D., for plaintiff and appellee.

Kelly Ann Dillon, Minot, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Marion Rick Harger appealed from an order[1] denying his motion to reduce child support and holding him in contempt for failing to comply with a previous court order directing him to observe provisions of a divorce decree. We conclude the trial court did not err in denying the motion to reduce child support or in holding Marion Harger in contempt. We affirm the order and remand for a determination of the amount of attorney fees to be awarded to Kathleen Susan Harger for this appeal.

I

[¶ 2] After a 16–year marriage, Kathleen Harger and Marion Harger were divorced on January 3, 2000. The couple have a daughter, who was born on February 23, 1993. The divorce decree was based on the parties' stipulation giving Kathleen Harger custody of the child and ordering Marion Harger to pay child support of $459.50 per month, consistent with the child support guidelines, based on his 1998 income as reflected in his tax return. Marion Harger was also ordered to pay an additional $70 per month "in lieu of paying one-half of any uninsured medical and dental expenses incurred on behalf of the minor child." The divorce decree ordered Marion Harger to "maintain a decreasing life insurance policy, starting with a term or death benefit of $100,000.00, . . . naming the minor child as beneficiary," and to provide Kathleen Harger proof of insurance. As part of the property distribution, Kathleen Harger was awarded $25,000 to be "rolled over from defendant's retirement account, subject to tax consequences, if any." After the parties' separation, Marion Harger, who had been employed as an emergency medical technician, left Williston and moved to Ohio.

[¶ 3] On May 19, 2000, Kathleen Harger moved to modify Marion Harger's child support obligation to conform with the current child support guidelines and moved to hold him in contempt for failing to transfer $25,000 from his retirement account to her and for failing to provide proof he had secured a $100,000 life insurance policy for the child's benefit. On September 25, 2000, Marion Harger moved to reduce his child support obligation because his income had decreased. He agreed to stipulate to modify the decree to reflect a correct calculation of his 1998 income, but reserved the right to seek modification based on his 1999 income.

[¶ 4] Following a hearing on the contempt motion, the trial court, on February 26, 2001, found Marion Harger "has willfully failed to comply with the divorce judgment to do anything to effect the transfer of funds from his retirement ac-

1. Because a subsequently entered consistent judgment exists, we treat this as an appeal from the judgment. *See Schuck v. Montefiore Pub. Sch.*, 2001 ND 93, ¶ 1 n. 1, 626 N.W.2d 698.

count or prove insurance coverage." The court further ruled:

> This finding of contempt of court may be purged if the Defendant, before March 6, 2001, transfers to the Plaintiff either in cash or into a separate fund in the sole name of the Plaintiff an amount of money equal to the total of the following:
>
> - $25,000.00 from the date of the judgment plus any additions and interest on the money
>
> or
>
> - 7% interest on the $25,000.00 from January 25, 2000 until the Defendant transfers the money in cash, should he be forced to do so to comply with the order of the Court if he is unable to secure a QDRO from the retirement account
>
> Plus, the Defendant shall be ordered to pay an additional $500.00 in attorney fees and costs within 30 days of this order necessitated by his failure to abide by the order of the Court dated January 3, 2000.

The court also ordered Marion Harger to turn over completed forms showing proof that he had maintained a $100,000 life insurance policy for the child's benefit and warned him, "[t]he Court reserves the specific right to consider penalties beyond what is included in this order contemplating monetary penalties of an additional $5,000.00 plus any other remedies within the discretion of the Court, if this order is not fully and completely complied with on or before March 6, 2001." The court approved the parties' stipulation to amend the divorce judgment and increase child support to $483.50 per month in accordance with the child support guidelines, plus $70 per month for medical expenses.

[¶ 5] The hearing reconvened on April 11, 2001. The court denied the motion to reduce child support, reasoning Marion Harger's "stated decline in income is due to a voluntary resignation of employment," he "still has the capacity to gain employment at his previous level of income," and he "continues to have the capacity to pay support at the level ordered in January 2000 in the amount of $553.50 per month." The court found Marion Harger in "ongoing contempt of court" for failing to comply with any part of the court's February 26, 2001, contempt order. The court awarded Kathleen Harger a judgment for the amounts owed plus interest from February 26, 2001, and assessed a $5,000 penalty against Marion Harger.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Marion Harger's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 7] Marion Harger argues the trial court erred in refusing to reduce his child support payments because his income has decreased. He argues the trial court, at the very least, should have imputed his income as an unemployed or underemployed obligor under the provisions of N.D. Admin. Code § 75–02–04.1–07(3)(c).

[¶ 8] Child support determinations involve questions of law subject to the de novo standard of review, findings of fact subject to the clearly erroneous standard of review, and, in some limited areas, matters of discretion subject to the abuse of discretion standard of review. *Christl v. Swanson*, 2001 ND 98, ¶ 3, 626 N.W.2d 690. In this case, Marion Harger had two hurdles to overcome to reduce his child support obligation. First, he had the burden of demonstrating a material change in

circumstances, because his motion seeking modification of the child support order was brought within one year after its entry. *See* N.D.C.C. § 14–09–08.4(4); *Lauer v. Lauer*, 2000 ND 82, ¶ 4, 609 N.W.2d 450; *Withey v. Hager*, 1997 ND 225, ¶ 7, 571 N.W.2d 142. Second, he had the burden of presenting sufficient evidence to justify modification under the child support guidelines. *See Anderson v. Resler*, 2000 ND 183, ¶ 21, 618 N.W.2d 480. He satisfied neither requirement.

[¶ 9] Marion Harger testified he was currently self-employed as a home builder. He had voluntarily quit his job as an emergency medical technician, but asserted he could not return to that line of work, because "I have seen enough dead people . . . [and] I can't stand the sight of any blood right now." He testified he had applied for some jobs in Ohio but was offered only one job, which he was unable to accept because he lacked the proper vehicle.

[¶ 10] As evidence of his 1999 income, Marion Harger presented an unsigned, unfiled, self-prepared tax return indicating an adjusted gross income of $18,750. No other documentation was presented to support the figures listed on the return. As evidence of his 2000 income, he presented an unsigned, unfiled tax return prepared by a certified public accountant indicating an adjusted gross income of "–1,358." No other documentation was presented to support the figures listed on the return, and he was unable to explain their origin. This is clearly insufficient documentation of income. *See* N.D.C.C. § 14–09–08.6(1)(a); N.D. Admin. Code § 75–02–04.1–02(7). Except for ambiguous references to various loans from a bank and from assorted family members, Marion Harger did not provide a cogent explanation for his ownership of a building lot, cattle, and a $129,000 home for which he expected to receive a $44,000 profit upon its sale. The trial court said:

THE COURT: I am not sure that Mr. Harger thinks in concrete ideas or symbols. His testimony is a jumble of hints and maybes, so it is really tough to make much sense of what he says.

It is my opinion and determination at this point that Mr. Harger continues to have the income capacity which resulted in the determination of his current child support obligation. He has the capacity to do that and has not for any good reason lost that capacity.

[¶ 11] We construe the trial court's ruling to mean Marion Harger did not establish a material change of circumstances to justify a modification of child support, and we conclude that finding is not clearly erroneous. Even if the trial court found a material change of circumstances, we further conclude the trial court did not misapply the child support guidelines in refusing to reduce Marion Harger's child support obligation.

[¶ 12] Marion Harger argues the trial court should have imputed his income under the provisions of N.D. Admin. Code § 75–02–04.1–07(3)(c). However, he admitted his change of employment was voluntary, and N.D. Admin. Code § 75–02–04.1–07(9) provides:

9. Notwithstanding subsections 4, 5, and 6, if an obligor makes a voluntary change in employment resulting in reduction of income, monthly gross income equal to one hundred percent of the obligor's greatest average monthly earnings, in any twelve consecutive months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided, less actual monthly gross earnings, may be imputed without a showing that the

obligor is unemployed or underemployed.

This provision gives the trial court discretion to impute 100 percent of former income for the specified period if the obligor voluntarily leaves his job for a lower paying job. *See Minar v. Minar*, 2001 ND 74, ¶ 24, 625 N.W.2d 518; *Logan v. Bush*, 2000 ND 203, ¶ 16, 621 N.W.2d 314. The only reliable record evidence of Marion Harger's income during the applicable 36–month period is his 1998 verified tax return, upon which his original child support obligation was based. Under the circumstances of this case, we conclude the trial court did not abuse its discretion in applying N.D. Admin. Code. § 75–02–04.1–07(9), and did not err in refusing to reduce child support.

### III

[¶ 13] Marion Harger argues the trial court erred in holding him in contempt of court.

[¶ 14] Under N.D.C.C. § 27–10–01.1(1)(c), "[c]ontempt of court" includes "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer . . . ." A "[r]emedial sanction" for contempt includes "a sanction that is conditioned upon performance or nonperformance of an act required by court order," and a "sanction requiring payment of a sum of money is remedial if the sanction is imposed to compensate a party or complainant, other than the court, for loss or injury suffered as a result of the contempt." N.D.C.C. § 27–10–01.1(4). The sanction in this case was remedial because it was conditioned on the performance of affirmative acts. *See Millang v. Hahn*, 1998 ND 152, ¶ 12, 582 N.W.2d 665. To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order. *Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 5, 598 N.W.2d 499. The determination whether a contempt has been committed and remedial sanctions are warranted lies within the sound discretion of the trial court, and its decision will not be overturned on appeal unless there is a clear abuse of discretion. *Berg v. Berg*, 2000 ND 37, ¶ 10, 606 N.W.2d 903.

[¶ 15] Although an inability to comply with an order is a defense to contempt proceedings based on a violation of that order, *Mid–Dakota Clinic, P.C. v. Kolsrud*, 1999 ND 244, ¶ 23, 603 N.W.2d 475, the burden rests with the contemnor to establish the defense and show an inability to comply. *See Flattum–Riemers*, 1999 ND 146, ¶ 7, 598 N.W.2d 499. Marion Harger was ordered to comply with the divorce decree by transferring $25,000 to Kathleen Harger as part of the property settlement. Marion Harger testified he tried to have the company managing his retirement fund issue Kathleen Harger a $25,000 check, but he was advised it was not possible without cashing out the entire amount of about $160,000, and he did not want to suffer the tax consequences. Marion Harger also testified he requested a document from the insurance company listing the beneficiary of the policy, but the document he received did not list any beneficiaries. After more than a year had passed since the divorce decree had been entered, the trial court ruled Marion Harger had done nothing to comply with its provisions or the order allowing him to purge the contempt. Under these circumstances, we conclude the trial court did not abuse its discretion in holding Marion Harger in contempt of court and in imposing a $5,000 remedial sanction.

### IV

[¶ 16] Kathleen Harger requests that we award her attorney fees for this appeal.

We have concurrent jurisdiction with the trial court to award attorney fees on appeal. *Schmitz v. Schmitz*, 2001 ND 19, ¶ 13, 622 N.W.2d 176. We believe this is an appropriate case in which to award attorney fees on appeal, and we remand and direct the trial court to award reasonable attorney fees to Kathleen Harger for this appeal. *See Jorgenson v. Ratajczak*, 1999 ND 65, ¶ 26, 592 N.W.2d 527; *Kjonaas v. Kjonaas*, 1999 ND 50, ¶ 19, 590 N.W.2d 440.

V

[¶ 17]   We affirm the order and remand for a determination of the amount of attorney fees to be awarded to Kathleen Harger for this appeal.

[¶ 18] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and WILLIAM A. NEUMANN, JJ., concur.