2014 ND 171
**Kayla RATH, Plaintiff**

v.

**Mark RATH, Defendant and Appellant.**

**No. 20140012.**

Supreme Court of North Dakota.

Aug. 28, 2014.

Rehearing Denied Sept. 23, 2014.

Kayla Rath, plaintiff; no appearance.

Mark Rath, Bismarck, N.D., defendant and appellant; self-represented.

VANDE WALLE, Chief Justice.

[¶ 1] Mark Rath appealed from a district court order finding him in contempt of court for violating provisions of a divorce judgment, refusing to find Kayla Rath in contempt of court, and modifying the divorce judgment. We conclude the district court did not abuse its discretion in refusing to find Kayla Rath in contempt of court and in finding Mark Rath in contempt, but we conclude the court erred in amending the judgment without a motion or notice. We, therefore, affirm in part and reverse in part.

I

[¶ 2] Mark Rath and Kayla Rath were divorced in January 2013. The divorce judgment awarded Kayla Rath primary residential responsibility for the parties' two children, and Mark Rath received supervised parenting time at the Family Safety Center. The judgment also allowed Mark Rath to make one telephone call to the children each Monday, and every other Friday and Saturday when he does not have the children, between the hours of 7:00 p.m. and 8:00 p.m. In March 2013, Mark Rath moved the district court for an order to hold Kayla Rath in contempt for violating divorce judgment provisions, which was denied. In *Rath v. Rath*, 2013 ND 243, ¶¶ 1, 16, 840 N.W.2d 656, we affirmed the district court's order denying his contempt motion.

[¶ 3] In October 2013, Mark Rath again moved the district court for an order finding Kayla Rath in contempt of court, alleging she had denied him telephone calls with the children. Kayla Rath filed a cross-motion for an order finding Mark Rath in contempt, alleging he had called

and texted Kayla Rath's phone at all hours of the day despite the judgment's limitations and had been calling Kayla Rath and her attorney derogatory names.

[¶ 4] After a December 2013 hearing, the district court denied Mark Rath's motion, granted Kayla Rath's motion, and found Mark Rath in contempt for calling the children at times not allowed through the judgment and for not paying his previously ordered attorney fees to Kayla Rath's attorney. The court's order permitted Kayla Rath to dispose of certain personal property that Mark Rath had failed to retrieve under the divorce judgment and amended the divorce judgment's provision addressing Mark Rath's telephone contact with the children.

## II

[¶ 5] Mark Rath argues the district court erred in failing to find Kayla Rath in contempt of court and erred in finding him in contempt. He also claims the court's amendment of the divorce judgment violated his due process rights.

### A

[¶ 6] Our standard for reviewing a district court's decision imposing contempt sanctions is well-established:

A party seeking a contempt sanction under N.D.C.C. ch. 27–10 must clearly and satisfactorily prove the alleged contempt was committed. *Berg v. Berg*, 2000 ND 37, ¶ 10, 606 N.W.2d 903; *Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 5, 598 N.W.2d 499. "Under N.D.C.C. § 27–10–01.1(1)(c), '[c]ontempt of court' includes '[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer.'" *Harger v. Harger*, 2002 ND 76, ¶ 14, 644 N.W.2d 182. "To warrant a remedial sanction for contempt, there must be a willful and inexcusable

intent to violate a court order." *Harger*, at ¶ 14; *see also Berg*, at ¶ 10; N.D.C.C. § 27–10–01.1(4).... Determining whether a contempt has been committed lies within the district court's sound discretion, which will not be overturned on appeal absent an abuse of that discretion. *Millang v. Hahn*, 1998 ND 152, ¶ 7, 582 N.W.2d 665. "[A] court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law." *Id.*

*Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378 (quoting *Prchal v. Prchal*, 2011 ND 62, ¶ 5, 795 N.W.2d 693). The district court has "broad discretion" to decide whether to hold a person in contempt. *Sall*, at ¶ 7. *See also Woodward v. Woodward*, 2009 ND 214, ¶ 6, 776 N.W.2d 567. We have also explained that our review of a district court's contempt decision is "very limited." *Sall*, at ¶ 7 (quoting *Glasser v. Glasser*, 2006 ND 238, ¶ 12, 724 N.W.2d 144).

[¶ 7] Mark Rath essentially argues the district court misapplied the statutory provisions for contempt in N.D.C.C. ch. 27–10. He contends the court's order allowing Kayla Rath to dispose of certain personal property was a punitive sanction, rather than a remedial sanction. He contends the court erred in finding Kayla Rath had not intentionally violated the divorce judgment and claims Kayla Rath lied and deceived the court regarding whether a cell phone belonged to the children. Mark Rath also argues the district court erred in finding him in contempt of court because, he claims, the divorce judgment allows both parents to contact the children via telephone and other electronic means at reasonable time intervals, in addition to providing the specific times when he was permitted to contact the children.

[¶ 8] The district court made specific findings on the cross-motions for contempt at the December 2013 hearing, explaining:

> THE COURT: Well, we're out of time. I think you had an opportunity to present your case today. Part of the confusion may be because we have competing orders. We have a criminal judgment that has part of the divorce case attached as a condition of probation. And those conditions in the divorce case were entered before the final judgment. And the divorce case contains slightly different conditions. But the conditions attached to the Appendix A were not changed. So those provisions still remain in [e]ffect, although not in this case and not in the basis for a contempt motion. But nevertheless, they still apply. So I'm going to deny, Mr. Rath, your motion for contempt. Again, because I don't think—
>
> . . . .
>
> Motion for contempt by Mark Rath is denied. He has [not] shown there's been an intent to violate the Court order. Looks like he was under a belief that the phone belonged to one of his daughters. Testimony is that the phone in fact belonged to Kayla Rath. Part of the problem in this is a communication or miscommunication. There's a no contact order in place. Part of the problem is Mr. Rath's failure to complete the Court order[ed] domestic violence offender treatment program so that court order might be lifted or modified.
>
> There's a pending criminal matter in this case. So Mr. Rath needs to comply with the conditions of probation which also make it more difficult for him to communicate and have contact with his children. And also there's been a subsequent criminal matter involving Mr. Rath which resulted in him being housed in BTC which again makes it more difficult for communication.
>
> All of those factors I think combined show there is not an intent by Kayla Rath to violate this order. All these alleged violations occurred shortly after Mr. Rath was ordered to BTC which changed, I guess, what had been if not a court order a pre-arranged agreement on how the parties were making contact with the children, which seemed to be working where Kayla Rath would initiate the contact through Mr. Rath's parents I believe and then Mr. Rath would have his obligation or opportunity to have time with the children.
>
> So Mr. Rath's motion is denied. I am going to grant the motion for contempt by Mrs. Rath. Not because of the violation for making contact. *I guess, it's not real clear with the texting electronic, but he did make phone contact with the children during school hours which clearly is outside the Court ordered time for parenting time or visitation with the children. And that is the basis for the Court's finding that he is in contempt.*
>
> He's also not paid the previously ordered attorney's fees by the Court. He hasn't gotten his property. It's been nearly a year, even though there's no specific time, the law would infer a reasonable time for him to get that property. So the Court will allow Kayla Rath to dispose of that property how she deems fit.

(Emphasis added.)

[¶ 9] Generally, a "[r]emedial sanction" for contempt includes "a sanction that is conditioned upon performance or nonperformance of an act required by court order," and a "sanction requiring payment of a sum of money is remedial if the sanction is imposed to compensate a party or complainant, other than the court, for loss or injury suffered as a result of the con-

tempt." N.D.C.C. § 27–10–01.1(4); *see also* N.D.C.C. § 27–10–01.4(1)(a). A court may also impose a remedial sanction in the form of "[a]n order designed to ensure compliance with a previous order of the court" or "[a] sanction other than the sanctions specified ... if the court expressly finds that those sanctions would be ineffectual to terminate a continuing contempt." N.D.C.C. § 27–10–01.4(1)(d), (e).

[¶ 10] As we have explained, "[t]he ultimate determination of whether or not a contempt has been committed and remedial sanctions are warranted lies within the sound discretion of the trial court, and its decision will not be overturned on appeal unless there is a clear abuse of discretion." *Berg v. Berg,* 2000 ND 37, ¶ 10, 606 N.W.2d 903. On this record, we conclude the district court did not abuse its discretion in refusing to find Kayla Rath in contempt of court and in finding Mark Rath in contempt and in imposing remedial sanctions against him. .

B

■ [¶ 11] Mark Rath argues the district court erred in granting Kayla Rath more relief than requested by her in her motion and in modifying the divorce judgment without a proper motion or notice. He contends the court erred in modifying the divorce judgment because both parties had sought only contempt sanctions and neither party had moved to amend the judgment.

[¶ 12] At the hearing on the parties' cross-motions for contempt, the district court recognized that the parties' divorce judgment contained provisions governing Mark Rath's contact with the children which conflicted with certain conditions imposed on him as a part of a criminal judgment. In an attempt to avoid future contempt proceedings, the court ordered the divorce judgment be amended:

The Court also believes that in order to avoid future Order to Show Causes in this matter—again part of the problem is with the language of the judgment and the conflicting language, and Mr. Rath's legal condition in the criminal matter and both with the probation and his current criminal matter where he's housed in BTC, so I think the language of the divorce judgment and the parenting time needs to be modified and clarified to incorporate the conflicting provisions and take out the conflict so that it is very clear as to exactly when and how and in what means Mr. Rath can make contact with the children. I think the timeframes are probably okay. But he is specifically allowed to make contact only during the times, and that's not only by phone, that's by text or other electronic means. That the phone contact should be initiated by Kayla Rath at the times indicated.

In its subsequent order finding Mark Rath in contempt, the court amended the divorce judgment to modify the telephone contact language and altered language regarding when the children may be temporarily removed from the state.

[¶ 13] Section 14–05–22(1), N.D.C.C., provides that in a divorce action, a district court, "before or after judgment, may give direction for parenting rights and responsibilities of the children of the marriage *and may vacate or modify the same at any time.*" (Emphasis added.) For example, we have said a district court retains continuing jurisdiction under N.D.C.C. § 14–05–22 to modify a party's parenting time after entry of an initial judgment, and parenting time modifications are governed by N.D.C.C. § 14–05–22(2) and standards set forth in case law. *See State ex rel. Seibold v. Leverington,* 2012 ND 25, ¶ 12, 812 N.W.2d 460; *Prchal,* 2011 ND 62, ¶¶ 10, 11, 795 N.W.2d 693. "To modify

[parenting time], the moving party must demonstrate a material change in circumstances has occurred since entry of the previous [parenting time] order and that the modification is in the best interests of the child." *Prchal*, at ¶ 11 (quotation marks omitted). In providing for parental rights and responsibilities, N.D.C.C. § 14–09–32(1)(c) states that a parent has the "[r]ight to reasonable access to the child by written, telephonic, and electronic means."

[¶ 14] While the district court has continuing jurisdiction to modify parenting rights and responsibilities, "[d]ue process requires a party receive adequate notice and a fair opportunity to be heard." *Schmalle v. Schmalle*, 1998 ND 201, ¶ 9, 586 N.W.2d 677; *see also Snyder v. Snyder*, 2010 ND 161, ¶ 17, 787 N.W.2d 727. "'[T]o comport with due process, a fair hearing requires reasonable notice or opportunity to know of the claims of opposing parties, along with the opportunity to rebut those claims.'" *Harris v. Harris*, 2010 ND 45, ¶ 10, 779 N.W.2d 642 (quoting *Meier v. Said*, 2007 ND 18, ¶ 15, 726 N.W.2d 852). Although due process requirements are "flexible and vary depending" on each case's circumstances, the district court's modification of the divorce judgment as a part of its contempt order failed to comport with the well-established tenants of due process. *See Snyder*, at ¶ 17.

[¶ 15] We understand the district court's attempt here was to amend provisions in the divorce judgment to reduce the conflict between the parties; however, Mark Rath was entitled to reasonable notice in addition to an opportunity to respond before the court amended the divorce judgment. We have said a district court may clarify a divorce judgment when the judgment is "vague, uncertain, or ambiguous" and clarification is often appro-

priate when the judgment "fails to specify some particulars[,] and uncertainties in the decree arise from subsequent events." *Orvedal v. Orvedal*, 2003 ND 145, ¶ 4, 669 N.W.2d 89; *see also Greenwood v. Greenwood*, 1999 ND 126, ¶ 8, 596 N.W.2d 317 ("'If the same trial judge clarifies an original judgment, we afford the judge's clarification considerable deference.'" (quoting *Dakutak v. Dakutak*, 1997 ND 76, ¶ 6, 562 N.W.2d 750)). Nonetheless, in this case, although neither party moved to amend the divorce judgment, the court amended, rather than clarified, the judgment, and the hearing notice and hearing itself involved the parties' competing motions for contempt sanctions under N.D.C.C. ch. 27–10.

[¶ 16] We conclude the district court went beyond the scope of the contempt motions in amending the divorce judgment. We, therefore, reverse that part of the contempt order that purports to modify the divorce judgment.

### III

[¶ 17] We have considered Mark Rath's remaining arguments and conclude they are either without merit or unnecessary to our decision. The district court order is affirmed in part and reversed in part.

[¶ 18] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ., concur.