2017 ND 128

**Kayla RATH, Plaintiff**

v.

**Mark RATH, Defendant and Appellant**

**No. 20160222**

Supreme Court of North Dakota.

Filed 5/19/2017

Rehearing Denied June 14, 2017

Mark A. Rath, self-represented, Bismarck, ND, defendant and appellant.

Kapsner, Justice.

[¶ 1] Mark Rath appeals from orders denying his motions for recusal, for an order to show cause, and for reconsideration, and from orders denying his demands for change of judge in child support modification proceedings. We conclude Mark Rath waived his issues on appeal regarding recusal and the orders denying his demands for change of judge are interlocutory and not appealable. We further conclude the district court did not abuse its discretion in denying his motion seeking to hold Kayla Rath in contempt and motion to reconsider. We affirm.

I

[¶ 2] Mark Rath and Kayla Rath were divorced in January 2013. The divorce judgment awarded Kayla Rath primary residential responsibility of the couple's two minor children, with Mark Rath receiving supervised parenting time. We

have since decided numerous appeals in this case. See Rath v. Rath, 2016 ND 105, 879 N.W.2d 735; Rath v. Rath, 2016 ND 83, 878 N.W.2d 85; Rath v. Rath, 2016 ND 46, 876 N.W.2d 474; Rath v. Rath, 2015 ND 22, 861 N.W.2d 172; Rath v. Rath, 2014 ND 171, 852 N.W.2d 377; Rath v. Rath, 2013 ND 243, 840 N.W.2d 656.

[¶ 3] Mark Rath has continued to make motions in the district court seeking to disqualify the judge, to hold Kayla Rath in contempt of the divorce judgment, and to reconsider the court's prior orders denying recusal and contempt. The court denied his various motions. In this case, Rath has appealed six district court orders: a May 12, 2016, order denying his April 4, 2016, motion for recusal; a May 16, 2016, order denying his May 4, 2016, motion for an order to show cause; a June 6, 2016, order denying his May 23, 2016, motion for reconsideration; and three orders filed May 18, 20, and 23, 2016, denying his demands for change of judge.

II

[¶ 4] In his brief on appeal, Mark Rath argues the district court abused its discretion in denying his motions for recusal and to reconsider his recusal motion. He contends the court misapplied the law in deciding whether disqualification was required, asserting grounds of prejudice, personal bias, and lack of impartiality towards him. At oral argument to this Court, however, he waived the issues on appeal regarding his recusal motions, initially claiming the issues were "moot" and stating the district court judge had recused himself subsequent to the filing of his appellate brief. The district court entered an order of recusal on September 19, 2016. Because he explicitly waived the recusal issues on appeal, we do not address them.

[¶ 5] Mark Rath has also attempted to appeal in this case from three orders the district court entered on May 18, 20, and 23, 2016, and captioned "Assignment of Judge." In each, respectively, the court denied three separate demands Mark Rath filed on May 17, 18, and 23, 2016, seeking a change of judge in then-pending child support modification proceedings. He argues in this appeal that the court misapplied N.D.C.C. § 29-15-21 in denying these demands. We have explained, however, that while intermediate orders are reviewable on appeal from a final judgment, orders denying demands for change of judge are interlocutory and not appealable. *Falcon v. State*, 1997 ND 200, ¶ 5, 570 N.W.2d 719; *Traynor v. Leclerc*, 1997 ND 47, ¶ 6, 561 N.W.2d 644; *In re Estate of Ketterling*, 515 N.W.2d 158, 161 (N.D. 1994).

[¶ 6] At the time Mark Rath filed his demands for change of judge, the child support proceedings were still pending in the district court. The other orders appealed in this case denied recusal, contempt, and reconsideration and do not specifically pertain to child support. The orders denying his demands for change of judge are interlocutory, not appealable, and therefore not properly before this Court in this appeal. Moreover, the district court has since entered a final judgment addressing child support modification, and Mark Rath has appealed that judgment and raised issues regarding the court's denial of his demand for change of judge. *See Rath v. Rath*, No. 20160338. For these reasons, we decline to address his arguments regarding denial of the change of judge demands in this appeal.

### III

[¶ 7] Mark Rath argues the district court misapplied the law in deciding what qualifies as a technical violation of the divorce judgment in denying his motions for an order to show cause and for reconsideration, seeking to hold Kayla Rath in contempt. He contends the court has repeatedly and unreasonably denied holding Kayla Rath in contempt for her alleged pattern and persistent frustration of his and his children's visitations and rights under the divorce judgment.

[¶ 8] "[W]hen an act punishable as contempt is not committed in the immediate view and presence of the court, the court, upon being satisfied of the commission of the offense, may ... [o]rder the accused to show cause at a specified time and place why the accused should not be punished...." N.D.C.C. § 27-10-07.

A party seeking a contempt sanction under N.D.C.C. ch. 27-10 must clearly and satisfactorily prove the alleged contempt was committed. Under N.D.C.C. § 27-10-01.1(1)(c), [c]ontempt of court includes [i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer. To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order.

*Rath*, 2014 ND 171, ¶ 6, 852 N.W.2d 377 (quoting *Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378) (citations and quotation marks omitted). Technical violations of a court order, however, do not necessitate a contempt finding. *Rath*, 2013 ND 243, ¶ 11, 840 N.W.2d 656.

This is especially true in domestic relations cases, because granting contempt motions for every single possible technical violation of court orders would do nothing to further the best interests of children, but would simply increase the animosity between the parties and discourage them from cooperating to resolve disputes by themselves. The contempt statutes are not intended to attempt to regulate and

adjudicate every loss of temper, angry word, or quarrel between persons connected by a familial relationship.

*Id.* (citations and quotation marks omitted).

[¶ 9] The district court has broad discretion in making contempt decisions. *Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378; *Millang v. Hahn*, 1998 ND 152, ¶ 7, 582 N.W.2d 665. We will only disturb a district court's contempt determination if the court abused its discretion. *Millang*, at ¶ 7. Likewise, we have said a district court's denial of a motion for reconsideration will not be reversed on appeal "absent a manifest abuse of discretion." *Larson v. Larson*, 2002 ND 196, ¶ 11, 653 N.W.2d 869. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law. *Sall*, at ¶ 7; *Larson*, at ¶ 11.

[¶ 10] Mark Rath presents a multitude of assertions on appeal that he contends demonstrates Kayla Rath's disregard of the divorce judgment and justifies holding her in contempt. He specifically identifies several instances of alleged contempt by Kayla Rath since he had last filed to hold her in contempt: 1) refusing to allow him to speak to the children on April 22, 2016, for their scheduled telephone call and not rescheduling the call or discussing it with him; 2) failing to give a letter to one of their children that he had written and sent to the child through Kayla Rath's attorney because of a restraining order; 3) giving allegedly false, misleading, or "doctored" information to the children's therapist "to manipulate the therapy to vilify Mark for parenting his children;" 4) enrolling a child in a "medical event" that was not an emergency without first discussing it with him; and 5) refusing mediation and discussions

on the 2016–2017 school year and enrolling a child in elementary school in Mandan. He also contends the district court should have granted his request to order "family therapy."

[¶ 11] In its May 16, 2016, order, the district court addressed whether Kayla Rath's failure to provide Mark Rath with his scheduled parenting-time telephone call on Friday, April 22, 2016, constituted contempt. The January 2013 divorce judgment provides for the timing of calls that Mark Rath is entitled to have with the children:

> Each parent shall be entitled to speak with the child by telephone, or by other electronic means, at reasonable times and intervals, without interference from the other parent. *Unless otherwise agreed or until further order by the court*, Mark shall be permitted one telephone call each Monday between the hours of 7:00 p.m. and 8:00 p.m., and every other Friday and Sunday when he does not have the children, between the hours of 7:00 p.m. and 8:00 p.m. Mark shall not unnecessarily prolong the conversations if the children do not want to continue talking. Mark shall not talk to the children about inappropriate subjects, including the divorce and other adult issues.

(Emphasis added.)

[¶ 12] Here, the district court rejected his argument that Kayla Rath's failure to provide him with a telephone call on the evening of April 22, 2016, merited a contempt order. Earlier on April 22, Kayla Rath's attorney had informed Mark Rath the telephone call between him and the children could not take place as scheduled because Kayla Rath had arranged to go to a concert and could not be present for the call. Her attorney had to communicate this information because of an existing disorderly conduct restraining order. Although

Mark Rath contends the call was never made up, necessitating this contempt motion, the court found there was an offer to set another time for the call which he rejected. Nonetheless, the court found Mark Rath wanted a "literal and unbending" interpretation of the judgment's timing language and failed to explain why changing the time of the call on April 22 was so "onerous and objectionable" to him.

[¶ 13] In its order, the district court recited Mark Rath's extensive history of motions for orders to show cause in this case and questioned the credibility of his factual assertions and whether the present motion was in fact filed in good faith. The court found that, although Kayla Rath did not provide the April 22 telephone call, Mark Rath had inexplicably refused any accommodation to take the call another time. The court concluded the judgment's language envisions the parties' cooperation and communication, but even accepting the facts leading to Kayla Rath's attendance at the concert, the incident does not rise to the level of contempt. The court further ruled that the "relentless filing of these meritless motions is a significant and unjustified disruption of the time of this court in managing its dockets" and was clearly for purposes of harassing Kayla Rath. The court therefore thoroughly explained its reasons for refusing to exercise its discretion to hold Kayla Rath in contempt of the divorce judgment. We conclude the court did not abuse its discretion.

[¶ 14] For Mark Rath's remaining assertions on appeal of Kayla Rath's alleged contempt, he has not shown a clear violation of the divorce judgment provisions to establish the district court abused its discretion. For example, the court found his assertions regarding the child's participation in therapy were not actually an issue of "contempt" by either Kayla Rath or the child's therapist. The court recounted facts surrounding Mark Rath's decision to confront his child with confidential therapy records and the child's reaction that he had violated her privacy.

[¶ 15] Although Mark Rath contends on appeal the child does not have a right of privacy from him, the district court held there was nothing presented in the record to cause the court to conclude Kayla Rath was in contempt of the judgment because he chose to confront his child with the therapy records. The court questioned his decision to attach the records to the motion and found the records on their face did not support his assertion the therapist had been "manipulated." The court also specifically found that he failed to present any factual or legal basis to support modifying the parenting plan to mandate family counseling. The district court concluded Mark Rath had not offered clear and satisfactory proof establishing any contempt on the part of Kayla Rath.

[¶ 16] Similarly, regarding Mark Rath's assertion of contempt based on Kayla Rath's alleged failure to discuss the 2016–2017 school year and enrolling a child in elementary school in Mandan, the district court previously ruled on these issues in an earlier March 17, 2016, order denying a previous motion for an order to show cause, and a March 22, 2016, order denying his earlier motion to reconsider. Neither of these two orders were specifically appealed in this case. Even assuming, however, his issues were sufficiently preserved in the present contempt proceedings, the court previously held Kayla Rath was not in contempt of the judgment in handling the children's education with an impending move from Bismarck to Mandan. The court found that she had left the children in the Bismarck school district for that school term, that the judgment did not prohibit her from moving from Bismarck to Mandan, and that she had been awarded pri-

mary residential responsibility. As such, her residence would determine the children's school district. Moreover, the court found he had conceded Mandan has a good educational program. As in the present orders on appeal, the court concluded Mark Rath had failed to present sufficient proof to establish Kayla Rath had committed contempt regarding her move to Mandan and the schools selected for the children.

[¶ 17] On the basis of this record, we cannot conclude that the district court acted in an arbitrary, unreasonable, or unconscionable manner, that its decision was not the product of a rational mental process leading to a reasoned determination, or that it misinterpreted or misapplied the law. We therefore conclude the court did not abuse its discretion denying his motion to hold Kayla Rath in contempt and denying his motion for reconsideration.

## IV

[¶ 18] We have considered the remaining arguments and deem them to be either without merit or unnecessary to our opinion. The district court orders are affirmed.

[¶ 19] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Gary H. Lee, D.J.

Gerald W. VandeWalle, C.J.

[¶ 20] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision.

[¶ 21] The Honorable Gary H. Lee, D.J., sitting in place of Sandstrom, J., disqualified.

McEvers, Justice, concurring specially.

[¶ 22] I agree with and have signed with the majority opinion. The district court is the appropriate place to determine questions of credibility. The district court questioned Mark Rath's credibility in refusing to hold Kayla Rath in contempt. I write separately to note that certain assertions, if credible, suggest Kayla Rath may be making decisions without the required communication under the divorce judgment. I am also accordingly concerned about Kayla Rath's lack of response to Mark Rath's recent motions. It is noted that the district court's March 18, 2015, order excused her from responding to specified motions and supporting documents in the record "unless directed to do so by this Court." Mark Rath's hyperactive litigiousness to enforce the judgment by bringing multiple contempt motions has clearly affected his credibility. The district court, however, should take caution in excusing Kayla Rath from all responsibility to respond to non-frivolous allegations under the March 18 order. By not responding, Kayla Rath risks that a decision is made without taking the opportunity to present a full record. It may also encourage her to completely disregard her obligations under the divorce judgment.

[¶ 23] Lisa Fair McEvers

Gary H. Lee, D.J.

Gerald W. VandeWalle, C.J.