Crothers, Justice.
[¶ 1] James Nolan appeals from an order holding him in contempt and requiring that he reimburse Heather Upton for parenting time travel expenses and pay her attorney fees. We conclude the district court erred in amending the parties' divorce judgment and in ordering Nolan to reimburse Upton for his share of parenting time travel expenses. We conclude the court did not abuse its discretion in holding Nolan in contempt and in awarding Upton attorney fees. We affirm in part and reverse in part.
I
[¶ 2] Upton and Nolan, both members of the United States Air Force, were divorced in Maryland in 2010. Nolan was awarded "primary physical custody" of the couple's child and Upton was awarded shared custody of the child based on two schedules depending on whether the parties resided less than or more than 50 miles apart. Under the parties' court-approved parenting agreement, if the parties resided more than 50 miles apart Upton was allowed physical custody of the child during the summer, winter and spring school breaks, with the parties equally *184 sharing all travel expenses. In 2016 the Maryland divorce court amended the original decree to include language regarding communications between the parties and the child:
"ORDERED BY CONSENT, that [Upton] shall be entitled to telephone access every Tuesday and Sunday, and Skype access every Friday, all access to occur at 7:00 p.m., in the time zone in which the minor child resides, not to exceed thirty (30) minutes; and it is further
"ORDERED BY CONSENT, that all communication, excluding emergencies and [Upton's] telephone and Skype access as specified herein, shall continue through Our Family Wizard."
[¶ 3] In May 2017 Upton was stationed in Kyrgyzstan, and Nolan was stationed in North Dakota. Upton registered the Maryland divorce orders in North Dakota and moved to hold Nolan in contempt for violating the parties' parenting plan. In the notice and motion for an order to show cause, Upton requested the following relief:
"1. That Defendant be found in contempt of court with sanctions issued.
2. That Defendant be required to immediately follow the Court's order.
3. That Defendant be ordered to pay all costs and attorney's fees incurred by Heather in bringing this Motion of not less than $1,500.
4. That Defendant be incarcerated if he fails to follow the Court's order.
5. That Defendant be advised that continued failure to abide by Judgment may be grounds for modification.
6. That Law Enforcement be directed to ensure compliance with this contempt order.
7. Such other and further relief deemed just and reasonable by the Court."
[¶ 4] Following a hearing, the district court found Nolan in contempt for frustrating parenting time and communication between Upton and the child, failing to reimburse Upton for travel expenses, and failing to properly communicate with Upton. The court declared that "communication between the parties is not restricted to the OFW [Our Family Wizard] site." The court ordered Nolan to reimburse Upton for his share of travel expenses and to pay $1,000 for her attorney fees.
II
[¶ 5] Nolan argues the district court erred in amending the communication provisions of the Maryland court's 2016 order.
[¶ 6] Most of the district court's decision is devoted to the parties' failure to effectively communicate with each other. The court stated:
"Use of the OFW site should continue to be used to its best capacity to assist both parents in making their shared custody work. The OFW site should not, however, be the only means of electronic communication by the parents. Its use should be to assist and enhance the shared custody situation.
....
"Defendant Nolan believes that direct communication with Plaintiff Upton is wrong. Somehow, such communication will eventually devolve into argument, personal attacks, and further stress and discontent on the part of Defendant Nolan. The Court finds Defendant Nolan's understanding to be flawed. The current set up for telephone calls and skype calls between Plaintiff Upton and [the child] will continue as ordered. These will, however, be considered only the minimum contact required. The original Judgment language will still be applicable as to communication and access between *185 the parties and [the child]. No limitation except common sense.
"Additionally, communication between the parties is not restricted to the OFW site. The parties need to be accountable for acting as adults who are attempting to raise a minor child by way of shared custody. Civil communication between the parties about their minor child is required."
[¶ 7] " Section 14-05-22, N.D.C.C., grants a district court continuing jurisdiction to modify parenting time after entry of the initial divorce judgment." Votava v. Votava , 2015 ND 171, ¶ 13, 865 N.W.2d 821. Section 14-09-32(1)(c) provides for parental rights and responsibilities and states that a parent has the "[r]ight to reasonable access to the child by written, telephonic, and electronic means." See Rath v. Rath , 2014 ND 171, ¶ 13, 852 N.W.2d 377. " 'To modify parenting time, the moving party must demonstrate a material change in circumstances has occurred since entry of the previous parenting time order and that the modification is in the best interests of the child.' " O'Hara v. Schneider , 2017 ND 53, ¶ 6, 890 N.W.2d 831 (quoting Prchal v. Prchal , 2011 ND 62, ¶ 11, 795 N.W.2d 693 ). " 'A material change in circumstances is an important new fact that was unknown at the time of the prior custody decision.' " Schaffner v. Schaffner , 2017 ND 170, ¶ 9, 898 N.W.2d 428 (quoting Thompson v. Thompson , 2012 ND 15, ¶ 6, 809 N.W.2d 331 ). Although a district court has continuing jurisdiction to modify parenting time, due process requires a parent receive adequate notice and a fair opportunity to be heard. See Hoverson v. Hoverson , 2017 ND 27, ¶ 6, 889 N.W.2d 858 ; Rath , at ¶ 14.
[¶ 8] This case is similar to Rath , 2014 ND 171, ¶ 11, 852 N.W.2d 377, which involved competing contempt motions seeking only contempt sanctions. Finding one of the parties in contempt, the district court attempted to avoid future contempt proceedings by amending the divorce judgment to modify telephone contact language and altering language governing when the children could be removed from the state. Id. at ¶ 12. In concluding the district court erred in going beyond the scope of the contempt motions and amending the divorce judgment, this Court explained:
"We understand the district court's attempt here was to amend provisions in the divorce judgment to reduce the conflict between the parties; however, Mark Rath was entitled to reasonable notice in addition to an opportunity to respond before the court amended the divorce judgment. We have said a district court may clarify a divorce judgment when the judgment is 'vague, uncertain, or ambiguous' and clarification is often appropriate when the judgment 'fails to specify some particulars[,] and uncertainties in the decree arise from subsequent events.' Orvedal v. Orvedal , 2003 ND 145, ¶ 4, 669 N.W.2d 89 ; see also Greenwood v. Greenwood , 1999 ND 126, ¶ 8, 596 N.W.2d 317 (" 'If the same trial judge clarifies an original judgment, we afford the judge's clarification considerable deference.' " (quoting Dakutak v. Dakutak , 1997 ND 76, ¶ 6, 562 N.W.2d 750 ) ). Nonetheless, in this case, although neither party moved to amend the divorce judgment, the court amended rather than clarified, the judgment, and the hearing notice and hearing itself involved the parties' competing motions for contempt sanctions under N.D.C.C. ch. 27-10."
Id. at ¶ 15.
[¶ 9] Here, neither party sought modification of the 2016 Maryland court order requiring "all communication, excluding emergencies and [Upton's] telephone and Skype access as specified *186 herein, [to] continue through Our Family Wizard." The district court in this case recognized the purpose and importance of the OFW site to the parties parenting plan:
"The purpose of the web site is to facilitate a better parenting environment for parents who are attempting to raise a child in separate homes under a shared custody plan. The OFW site uses catch phrase terms such as, 'Easy to use-shared custody tools,' 'Child focused solutions-to keep children out of the middle,' 'Protect your child-share information without involving the kids,' and 'Create clean records-end he said-she said.' A noble purpose and clearly meant to assist parents who are struggling to put their minor child's best interest ahead of their own personal and selfish interests."
[¶ 10] Upton requested Nolan to be "advised that continued failure to abide by Judgment may be grounds for modification." The district court nevertheless amended the Maryland court order by stating "communication between the parties is not restricted to the OFW site" and that there would be "[n]o limitation except common sense." This is not a clarification of the Maryland court order, but is a modification of that order without adequate notice to Nolan and a fair opportunity to be heard.
[¶ 11] The district court erred in venturing beyond the relief sought in Upton's contempt motion and modifying the Maryland court order.
III
[¶ 12] Nolan argues his due process rights were violated by the district court ordering him to reimburse Upton for his share of unpaid travel expenses because a compensable remedial contempt sanction for those costs was not sought in her contempt motion.
[¶ 13] Although Upton sought "other and further relief deemed just and reasonable by the Court," she did not request an award of unpaid travel expenses. In her accompanying affidavit, Upton stated that Nolan refused to reimburse her for his part of the travel expenses "despite what the judgment states." During the hearing, Upton testified on direct examination that Nolan should be ordered to pay the travel expenses required by the judgment as a "penalty" and said he owed "around" $6,000. The district court continued to question Upton about the unpaid travel costs. Nolan testified he believed the State Department would pay for the child's travel expenses while Upton was stationed overseas. On rebuttal, Upton testified about the unpaid travel costs. Upton offered no documentary evidence supporting her cost estimate. Nolan did not object to this line of questioning. The court ordered Nolan to pay one-half of the child's travel costs for years 2015 through 2017 and ordered Upton to "submit specific written documentation as to those cost[s]."
[¶ 14] A district court may impose as a remedial sanction for contempt "[p]ayment of a sum of money sufficient to compensate a party or complainant ... for a loss or injury suffered as a result of the contempt." N.D.C.C. § 27-10-01.4(1)(a). "All that is required to impose a remedial sanction for contempt is the alleged contemnor receive notice and a hearing." Estate of Cashmore , 2013 ND 150, ¶ 11, 836 N.W.2d 427. " 'The notice must be sufficiently precise to advise the contemnor of the issues involved.' " Dieterle v. Dieterle , 2016 ND 36, ¶ 15, 875 N.W.2d 479 (quoting Balvitsch v. Dakota Burger N Fries Corp. , 2014 ND 37, ¶ 7, 842 N.W.2d 908 ). However, due process notice requirements are satisfied when an unpled issue is tried by *187 the implied consent of the parties. See, e.g., Interest of D.J. , 9 So.3d 750, 755 (Fla. Ct. App. 2009) ; Bates v. Neva , 371 Mont. 466, 308 P.3d 114, 119 (2013) ; McJunkin Corp. v. West Virginia Human Rights Comm'n, 179 W.Va. 417, 369 S.E.2d 720, 725-26 (1988) ; 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure , § 1491 (2010). " 'Under Rule 15(b), N.D.R.Civ.P., a pleading may be amended impliedly, by the introduction of evidence which varies the theory of the case and which is not objected to by the opposing party.' " Mertz v. Mertz , 2015 ND 13, ¶ 6, 858 N.W.2d 292 (quoting Schumacher v. Schumacher , 1999 ND 149, ¶ 25, 598 N.W.2d 131 ). " 'Consent to try an issue outside the pleadings cannot be implied from evidence which is relevant to the pleadings but which also bears on an unpleaded issue.' " Vig v. Swenson , 2017 ND 285, ¶ 22, 904 N.W.2d 489 (quoting Fleck v. Jacques Seed Co. , 445 N.W.2d 649, 652 (N.D. 1989) ).
[¶ 15] In this case, Upton's motion for an order to show cause did not fairly apprise Nolan that in this contempt proceeding she was seeking payment of his share of the travel expenses. Upton's affidavit only alleged Nolan failed to pay his share of those expenses in violation of the divorce judgment. Although Nolan did not object to the travel expense testimony during the hearing, he cannot be deemed to have impliedly consented to trial of the issue because this testimony also was relevant to the pled issue of whether Nolan through his conduct had committed contempt by violating the divorce judgment's requirement that he share those costs.
[¶ 16] We conclude the district court erred in ordering Nolan to pay his share of travel costs as a remedial sanction.
IV
[¶ 17] Nolan argues the district court erred in finding him in contempt.
[¶ 18] Under N.D.C.C. § 27-10-01.1(1)(c), contempt of court includes "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer, including a referee or magistrate." " 'A party seeking a contempt sanction under N.D.C.C. ch. 27-10 must clearly and satisfactorily prove the alleged contempt was committed.' " Sall v. Sall , 2011 ND 202, ¶ 7, 804 N.W.2d 378 (quoting Prchal , 2011 ND 62, ¶ 5, 795 N.W.2d 693 ). "To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order." Harger v. Harger , 2002 ND 76, ¶ 14, 644 N.W.2d 182. In Booen v. Appel , 2017 ND 189, ¶ 24, 899 N.W.2d 648, we explained:
" 'The district court has broad discretion in making contempt decisions.' Rath v. Rath , 2017 ND 128, ¶ 9, 895 N.W.2d 306. This Court will disturb a district court's contempt determination only if the court abused its discretion. Id. 'A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law.' Id. This Court's review of a district court's determination on contempt is very limited. Sall v. Sall , 2011 ND 202, ¶ 7, 804 N.W.2d 378."
[¶ 19] The district court found Nolan failed to timely check the OFW site and respond to Upton's communications through that platform. The court found he frustrated parenting time by failing to update the child's passport, thereby affecting Upton and the child's summer plans. The court found he failed to properly communicate with Upton about the child. Nolan's conduct violated provisions of the divorce judgment and order.
*188 [¶ 20] The court did not abuse its discretion in finding Nolan in contempt.
V
[¶ 21] Nolan argues the district court erred in awarding Upton her attorney fees.
[¶ 22] A district court has discretion to award attorney fees as part of the compensation to the complainant in contempt proceedings as reimbursement for costs and expenses incurred as a result of the contempt. See Booen , 2017 ND 189, ¶ 30, 899 N.W.2d 648 ; Peterson v. Peterson , 2016 ND 157, ¶ 15, 883 N.W.2d 449. Upton sought a $1,500 attorney fee award. The court awarded her $1,000. Nolan has not convinced us the court abused its discretion in awarding Upton her attorney fees.
VI
[¶ 23] It is unnecessary to address other arguments raised because they are either unnecessary to the decision or are without merit. We reverse that part of the district court's order amending the divorce judgment and requiring Nolan to reimburse Upton for his share of parenting time travel expenses. We affirm that part of the order holding Nolan in contempt and awarding Upton her attorney fees.
[¶ 24] Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.
Lisa Fair McEvers, I concur in the result.