FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
MARCH 17, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 61

Samantha Margaret Anne Canerdy,                     Plaintiff and Appellee

v.

Jason Andrew Canerdy,                               Defendant and Appellant

and

State of North Dakota,                        Statutory Real Party in Interest

## No. 20210262

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Deanna F. Longtin, Scottsdale, AZ, for plaintiff and appellee; submitted on brief.

Jacob D. Marburger, Williston, ND, for defendant and appellant; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Jason Canerdy appealed from a district court order denying his motion for contempt and his motion to modify primary residential responsibility without an evidentiary hearing. We affirm in part, reverse in part, and remand.

I

[¶2]   Jason Canerdy and Samantha Canerdy were divorced in June 2020. The parties share two minor children. The judgment awarded Samantha Canerdy primary residential responsibility and Jason Canerdy reasonable parenting time.

[¶3]   In April 2021, Jason Canerdy filed a motion to modify the judgment to be awarded primary residential responsibility of the minor children, or in the alternative, be awarded equal residential responsibility. Jason Canerdy also filed a motion for contempt for Samantha Canerdy's interference with his parenting time. Jason Canerdy submitted affidavits and other supporting evidence alleging that Samantha Canerdy persistently and willfully denied and interfered with his parenting time. Jason Canerdy submitted text messages where he requested the minor children's dance schedule and if the dance activities were on his scheduled weekend, he requested that his parenting time be made up. In his affidavit, he claimed Samantha Canerdy interfered because his requests to make up his missed parenting time have gone unanswered. Additionally, Jason Canerdy alleged specific dates that his parenting time was withheld. Samantha Canerdy submitted a declaration in response to the motions stating that she was made aware in April about Social Services' involvement and was advised by her attorney that there should be no contact until the issue was addressed. Jason Canerdy submitted an exhibit of an email from a social worker which stated that Social Services did not have any protection plan in place preventing Jason Canerdy from seeing his children.

[¶4]   The district court denied Jason Canerdy's motion for contempt and his motion to modify the judgment for primary residential responsibility without an evidentiary hearing. The court found that there was no evidence that Samantha Canerdy disobeyed the judgment and that she had not committed contempt of court. Further, the court found no persistent and willful denial of parenting time, no evidence that the children are in any danger, and no evidence that primary residential responsibility has changed. The court stated that Jason Canerdy does not take responsibility for his own inaction in regard to not spending as much time with his minor children because he does not regularly attend or participate in their dance activities. The court noted that Jason Canerdy would seek to make up his parenting time when the dance activities occur on his scheduled weekend.

## II

[¶5]   Jason Canerdy argues the district court erred in denying his motion for contempt because Samantha Canerdy refused to allow him to exercise his parenting time.

[¶6]   Under N.D.C.C. § 27-10-01.1(1)(c), contempt of court includes "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer, including a referee or magistrate." "A party seeking a contempt sanction under N.D.C.C. ch. 27-10 must clearly and satisfactorily prove the alleged contempt was committed." *Upton v. Nolan*, 2018 ND 243, ¶ 18, 919 N.W.2d 181 (quoting *Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378). "To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order." *Id.* (quoting *Harger v. Harger*, 2002 ND 76, ¶ 14, 644 N.W.2d 182).

[¶7]   "The district court has broad discretion in making contempt decisions." *Rath v. Rath*, 2017 ND 128, ¶ 9, 895 N.W.2d 306 (citations omitted). "Technical violations of a court order, however, do not necessitate a contempt finding." *Id.* at ¶ 8 (citation omitted).

> This is especially true in domestic relations cases, because granting contempt motions for every single possible technical

violation of court orders would do nothing to further the best interests of children, but would simply increase the animosity between the parties and discourage them from cooperating to resolve disputes by themselves. The contempt statutes are not intended to attempt to regulate and adjudicate every loss of temper, angry word, or quarrel between persons connected by a familial relationship.

*Id.*

[¶8] We will not disturb a district court's contempt determination unless the court abused its discretion. *Rath*, 2017 ND 128, ¶ 9. "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law." *Id.* (citations omitted).

[¶9] Jason Canerdy asserts that the district court abused its discretion because Samantha Canerdy refused to allow him to exercise his parenting time, including over Easter weekend, which had nothing to do with dance practice or competitions. Samantha Canerdy contends that the only time she told him that he could not exercise his parenting time was when a report was filed with Social Services.

[¶10] Here, the district court found that there was no evidence that Samantha Canerdy disobeyed the judgment and that she had not committed contempt of court. Although evidence existed of some non-compliance with the judgment's required parenting time, a technical violation does not necessarily require a finding of contempt. *See Rath v. Rath*, 2013 ND 243, ¶ 11, 840 N.W.2d 656. Under our standard of review, we are not persuaded the court's decision to deny Jason Canerdy's motion for contempt was arbitrary, unreasonable or unconscionable, or was a misinterpretation or misapplication of the law. We conclude the district court did not abuse its discretion.

# III

[¶11] Jason Canerdy argues he established a prima facie case for modification of primary residential responsibility, and the district court erred in denying his motion without an evidentiary hearing.

[¶12] "Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which this Court reviews de novo." *Klundt v. Benjamin*, 2021 ND 149, ¶ 6, 963 N.W.2d 278 (quoting *Johnshoy v. Johnshoy*, 2021 ND 108, ¶ 5, 961 N.W.2d 282). This standard of review is different from the standard we applied above in determining whether a district court abused its discretion in making a contempt decision. *See Rath*, 2017 ND 128, ¶ 9.

[¶13] A court may not modify primary residential responsibility within two years of entry of the order or judgment establishing primary residential responsibility unless the court finds (1) modification is necessary to serve the best interests of the child and (2) one of the following three factors is present:

a. The persistent and willful denial or interference with parenting time;
b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or
c. The residential responsibility for the child has changed to the other parent for longer than six months.

N.D.C.C. § 14-09-06.6(5).

[¶14] The party seeking modification is entitled to an evidentiary hearing only if "the moving party has established a prima facie case justifying a modification." N.D.C.C. § 14-09-06.6(4). "A prima facie case is established by the moving party 'alleging, with supporting affidavits, sufficient facts which, if they remained uncontradicted at an evidentiary hearing, would support a [primary residential responsibility] modification in [the party's] favor.'" *Wald v. Holmes*, 2013 ND 212, ¶ 5, 839 N.W.2d 820 (quoting *Tank v. Tank*, 2004 ND 15, ¶ 9, 673 N.W.2d 622). We have said:

4

> In determining whether a prima facie case has been established, the district court must accept the truth of the moving party's allegations . . . . The opposing party may present evidence challenging the moving party's right to the relief requested, but when that evidence merely creates conflicting issues of fact, the court may not weigh or resolve conflicting allegations. Unless the opposing party's counter-affidavits conclusively show the moving party's allegations have no credibility or are insufficient to justify modification of primary residential responsibility, an evidentiary hearing must be held to resolve conflicting evidence and determine whether a modification of primary residential responsibility is warranted.

*Kartes v. Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731 (cleaned up). District courts are prohibited from weighing conflicts in the evidence presented in competing affidavits to reach the conclusion that the moving party's evidence is insufficient to establish a prima facie case for modification of residential responsibility. *Forster v. Flaagan*, 2016 ND 12, ¶ 8, 873 N.W.2d 904. We emphasized the standard again:

> If the moving party's allegations are supported by competent, admissible evidence, the court may conclude the moving party failed to establish a prima facie case *only* if: (1) the opposing party's counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. Unless the counter-affidavits conclusively establish the movant's allegations have no credibility, the district court must accept the truth of the moving party's allegations.

*Jensen v. Jensen*, 2013 ND 144, ¶ 13, 835 N.W.2d 819.

[¶15] In denying Jason Canerdy's motion to modify the judgment to change primary residential responsibility, the district court did not specifically address the allegations presented in Jason Canerdy's affidavit; rather it found there was no credible evidence of a persistent and willful denial or interference with parenting time, reasoning:

The Defendant blames the Plaintiff for everything while taking no responsibility for his own inaction as a parent. The Defendant has made choices regarding his parenting time that have consequences. Those consequences are that he will not be spending as much time with his daughters since he does not regularly attend or participate in their dance activities.

[¶16] The district court's reasoning shows it weighed the conflicting evidence. Jason Canerdy alleged in his affidavit that Samantha Canerdy persistently and willfully denied and interfered with his parenting time. Jason Canerdy submitted text messages where he requested the minor children's dance schedule and if the dance activities were on his scheduled weekend, he requested that his parenting time be made up. He claimed Samantha Canerdy interfered because his requests to make up his missed parenting time have gone unanswered. Additionally, Jason Canerdy alleged specific dates that his parenting time was withheld and he provided an email correspondence where Social Services indicated that there was not a protection plan in place preventing him from seeing his children. Samantha Canerdy's affidavit raises conflicting fact issues about some of Jason Canerdy's allegations, however, "[a]n evidentiary hearing is the proper forum for the parties to resolve the factual disputes." *Schumacker v. Schumacker*, 2011 ND 75, ¶ 12, 796 N.W.2d 636. The court did not conclude that Jason Canerdy's allegations were not supported by competent evidence, that Samantha Canerdy's counter-affidavits conclusively established Jason Canerdy's allegations had no credibility, or that Jason Canerdy's allegations were insufficient on their face, even if uncontradicted, to justify modification. While frustration of parenting time may not always be enough to ultimately modify primary residential responsibility, the evidence presented to the district court was sufficient to establish a prima facie case justifying modification and warranting an evidentiary hearing. *See Schroeder v. Schroeder*, 2014 ND 106, ¶ 14, 846 N.W.2d 716.

[¶17] Therefore, under our de novo standard of review, we conclude Jason Canerdy established a prima facie case for modification and was entitled to an evidentiary hearing.

6

## IV

[¶18] Samantha Canerdy asserts that she should be granted attorney's fees under N.D.R.App.P. 38 for defending a frivolous appeal. We conclude the appeal is not frivolous and deny Samantha Canerdy's request for attorney's fees.

## V

[¶19] We affirm in part the district court's order denying Jason Canerdy's motion for contempt. However, we conclude Jason Canerdy established a prima facie case for modification and we reverse in part the court's order denying his motion for modification and remand for an evidentiary hearing.

[¶20] Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte